| 29 569|
|e67 530|

29 569
f76 638
f76 642

## H. W. IDE, *as Receiver of the Kansas Insurance Company,* v. JOHN FINNERAN.

1. DELINQUENT TAXES; *Valid Statute.* The act of the legislature of Kansas of 1879, (Laws of 1879, ch. 43; Comp. Laws of 1879, p. 965, ¶ 5911,) authorizing county commissioners to dispose of lands and town lots held by the county for delinquent taxes, is not unconstitutional or void.

2. TAX DEED, *as Evidence.* A tax deed issued upon a tax-sale certificate, issued and assigned under said act of 1879, is *prima facie* evidence of title and of the regularity of all prior tax proceedings, the same as other tax deeds issued upon tax-sale certificates issued under the general tax laws of Kansas.

3. TAX DEED, *Not Void on Face.* Where a tax deed shows upon its face the amount of the taxes for which the land was originally sold, and then shows the aggregate amount of taxes for subsequent years charged up to such sale, and further shows that the tax-sale certificate was issued more than three years after the sale, but includes therein delinquent taxes which had not been delinquent for three years, and such tax-sale certificate was issued and assigned under the said act of 1879, for less than the

amount of taxes and interest actually due upon the land, *held*, that such tax deed is not for the above reasons necessarily void upon its face.

4. TAX DEED, *Date of Right to.* Where a person owning such a tax-sale certificate applies, in 1880, to the county clerk to have a tax deed issued thereon, and the county clerk issues a defective and informal tax deed, void upon its face, and in 1883, after § 3, ch. 123, of the Laws of 1881, relating to floating liens, took effect, issues a correct and formal tax deed, *held*, that the right of the party in the present case to a good and formal tax deed dates from the time when he first made his application therefor; and therefore that said § 3 does not apply to the tax deed issued in the present case in 1883.

5. ———— Other questions discussed in the opinion.

*Error from Leavenworth District Court.*

ACTION brought by *H. W. Ide*, as receiver of the Kansas Insurance Company, against George R. Hines and others, to foreclose a note and a mortgage. *Finneran*, with other persons, was made a defendant therein. At the December Term, 1882, of the district court, *Finneran* had judgment against the plaintiff, who brings the case here. The facts appear in the opinion.

*H. W. Ide*, plaintiff in error, for himself.

*Thos. P. Fenlon*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case comes up from the district court of Leavenworth county, and the questions involved therein arose in a suit by the plaintiff in error to foreclose a note and a mortgage given by George R. Hines and D. W. Eaves and their wives, on several tracts of land embracing lot No. 2 of Diefendorf's subdivision. A great many persons supposed to have some lien on, or interest in, portions of the mortgaged premises were made defendants, including the defendant in error. The latter answered, setting up a claim of title to the lot aforesaid. The rest of the defendants were duly served with summons, either personally or by publication, and the action stood regularly for trial at the December term, 1882, and came on for final hearing on the 11th day of January, 1883.

A jury was waived by all the parties who appeared, and the cause was submitted to the court for trial.

After the plaintiff had proved the transfer of the note and the mortgage to himself and introduced them in evidence, the defendant in error offered some tax proceedings in evidence to support his claim of title to said lot. These proceedings, so far as they were embraced in his offer, consisted of tax levies of 1873 up to 1878, inclusive, by the commissioners of said county; the record book of delinquent tax sales of 1874, showing the sale of the lot aforesaid to the county on May 12, 1874, for the taxes of 1873, for the sum of $3.92, and also showing the subsequent taxes up to and including 1878 amounting to $16.53, exclusive of interest, charged up to said sale; also the proceedings of the county board, dated March 5, 1880, which were claimed to show a compromise of the taxes aforesaid, and to authorize an assignment of the tax-sale certificate to Finneran for $18; also the tax-sale certificate and its assignment to the defendant in error by the county clerk; and also two tax deeds for said lot, both based on the aforesaid tax proceedings, the first dated October 2, 1880, and the other January 11, 1883; the latter actually issued during the progress of the trial.

The plaintiff in error duly objected to all this evidence as not sufficient to transfer the title to the property mentioned, and as being incompetent and irrelevant. The court sustained the objection as to the first tax deed, but overruled the objection as to all the other evidence offered, and received the proceedings in evidence; holding that the first tax deed was void upon its face, and that the second one was regular and valid, notwithstanding all the objections thereto; but required the defendant in error to amend his answer so as to make it conform to the evidence introduced in the case; and then the court rendered judgment, including, among other things, a judgment against the plaintiff as to said lot, vesting the absolute title thereto in the defendant in error, free from all liens under the plaintiff's mortgage. It is this particular judgment concerning lot No. 2 in Diefendorf's subdi-

vision, of which the plaintiff in error now complains. He does not seek to disturb anything else in the general judgment. The plaintiff in error presents several questions to this court, which we shall now proceed to consider in their order.

I. The plaintiff in error claims that the compromise law of 1879, (Laws of 1879, ch. 43; Comp. Laws of 1879, p. 965, ¶ 5911,) under which the defendant's tax-sale certificate and tax deeds were issued, is unconstitutional and void, being, as he claims, in contravention of that provision of § 1, art. 11, of the constitution of Kansas, which declares that "the legislature shall provide for a uniform and equal rate of assessment and taxation." Counsel for plaintiff in error has made an able and ingenious argument to show that this compromise law of 1879 has the effect, if enforced, to render the rate of taxation in the various counties of the state unequal and not uniform; and he also claims that it tends to disturb *quasi* vested rights. We have carefully considered his argument, and with some doubts and hesitation have arrived at a different conclusion; and while we agree in holding that the compromise law of 1879 is not void, absolutely and entirely, if void in some particulars, we have not arrived at that conclusion by entirely the same course of reasoning, and hence we do not think that it is necessary to state our reasons. We simply state that we think that the compromise law of 1879 is constitutional and valid, so far as it has application to this case; and beyond this we express no opinion.

II. The plaintiff in error also claims that even if the compromise law of 1879 is constitutional and valid, still that tax deeds issued under it are not *prima facie* evidence of title, or of the regularity of the prior tax proceedings upon which such tax deeds are founded; and that § 138 of the general tax law can have no application to such tax deeds. This claim is not tenable. The compromise statute provides, among other things, that when the compromise is consummated the county treasurer shall execute and the county clerk as-

sign a tax-sale certificate for the lands for the amount of the taxes agreed upon by the compromise, and that such "assignment shall have the same force and effect as if the full amount of all taxes, interest and penalties had been paid therefor"—meaning, of course, that the tax-sale certificate issued and assigned in this mode shall be just as good and have the same force and effect as a tax-sale certificate issued and assigned in any other mode;_ the only difference between the two modes being that in one the full amount of the taxes, interest, penalties and costs is paid, while in the other it is not; and a tax deed issued upon a tax-sale certificate issued and assigned in the ordinary way under the general tax laws, is unquestionably *prima facie* evidence of title, and of the regularity and validity of all prior tax proceedings. We think that § 138 of the general tax law has application to the tax deed issued in this case, as well as to all other tax deeds.

III. The plaintiff in error further claims that even granting that the compromise law of 1879 is valid, and that tax deeds issued under it are *prima facie* evidence of the regularity of all prior proceedings, yet that the deed issued in the present case and held to be valid by the court below was void upon its face, for the following reasons: (1) Because the subsequent taxes for five years charged up to the sale of 1874 were all lumped in one gross sum; (2) because the tax deed showed that taxes which had not been delinquent for three years were included in the compromise; and therefore, (3) because the tax deed also showed that instead of the compromise being for less than the amount of taxes due it was for a greater sum. We do not think that any of these reasons for claiming that the tax deed is void upon its face is sufficient. The tax deed shows the amount of taxes for which the land was originally sold, and then shows the aggregate amount of taxes for the next five years which were charged up to this sale. This we think was sufficient, or at least the failure to show the amount of taxes in further detail does not render the tax deed void. (See § 139 of the tax law.) We also think it was perfectly

competent, under the compromise law of 1879, for the county commissioners to compromise and sell the tax-lien interest of the public upon the land for all the delinquent taxes then due upon the land and charged up against the land to one single sale; and we do not think that the tax deed shows that a greater amount was paid on the compromise than the taxes and interest which were then actually due upon the land; indeed, it actually shows that a much less amount was paid.

IV. The plaintiff in error also claims that the tax deed is void under § 3, chapter 123, of the Laws of 1881, relating to floating liens. Now the fact is, that the defendant presented his tax-sale certificate and demanded a deed prior to the passage of the act of 1881, and therefore his right to a good and valid tax deed was fixed and vested under the law of 1879, and prior to the passage of the act of 1881. The failure of the county clerk in the first instance to issue a correct and formal tax deed cannot affect the rights of the defendant; his right to obtain a correct and formal tax deed continued from the time when he first demanded the same up to the time when he received it, although he did not receive it until January 11, 1883, and until after the act of 1881 had been passed, requiring that any person obtaining an assignment of a tax-sale certificate shall present the same to the county clerk and obtain a tax deed thereon within one year after the date of such assignment.

V. It is also claimed by the plaintiff in error that the tax deed in the present case is void for the reasons: (1) That some of the taxes which were charged against the land and afterward compromised were illegal; (2) that the proceedings of the county board, as shown in evidence, were not sufficient to authorize a compromise and an assignment of the tax-sale certificate to the defendant; and for other supposed irregularities, which we do not think it necessary to mention.

It is certainly not shown that the original tax sale of the land in 1874 for the taxes of 1873 was invalid, or that such sale included any illegal taxes; and there is not the slightest room for claiming that the amount paid on the compromise

for the taxes of the subsequent five years was greater than the amount of legal taxes and interest due on the land, aside from all the illegal taxes that may possibly have been assessed against the land for any one or all of those five years; and we do not think that the record of the proceedings of the county board shows, or tends to show, that the tax deed is void. Mere irregularities never render a tax deed or any tax proceedings void. (Comp. Laws of 1879, ch. 107, §139.)

We think the tax deed in the present case is *prima facie* valid, and there is nothing in the case showing that it is void; the judgment of the court below will therefore be affirmed.

BREWER, J.: I concur in the foregoing opinion, but desire to add a word or two in explanation. I agree that the compromise law of 1879, referred to, is constitutional so far as it applies to the facts of this case; or, perhaps I should say more correctly, that I do not think that it so plainly conflicts with the constitution that the courts are justified in pronouncing it unconstitutional. It will be seen that that law has a two-fold operation. One is applied to past taxes, and the other has reference to those which shall hereafter be levied. This case includes only taxes accumulated before the passage of the law. Now so far as that act authorizes the disposition of already accumulated tax property, I think it must be sustained. But so far as it attempts to lay down a rule for future taxes, I do not think it valid. I appreciate fully the force of the argument made by plaintiff in error, and that that logic carried out strictly makes against the validity of the act, both as to past and future taxes. And yet, as to past taxes, already accumulated tax properties, it seems to me that a far-reaching necessity compels the court to uphold the validity of such an act as this. It is in some respects in the nature of a bankrupt law, authorizing counties to dispose of accumulated tax properties, which otherwise must remain in their possession — a possession which not only brings nothing to the public, but also prevents the property from thereafter responding to the demands of taxa-

tion.   We cannot ignore the fact that occasionally, owing to a change in the value of real estate, or the negligence of the owner, or other causes, there accumulates upon a tract of land an amount of taxes, interest and penalty, which exceeds the actual value of the property.   In such a case, the interest of the public, as well as of the individual, demands a compromise, and that such accumulated taxes be reduced to such a sum as will justify the owner in relieving the property from the burden, and thereafter improving it.   Such a compromise not only secures to the public some portion of the accumulated taxes, but also places the property in the future on the list of paying property, and thus doubly benefits; so that as a mere authority to the county commissioners to dispose of their accumulated tax properties, I think the law can be sustained.   But so far as it lays down provisions for the future, which invite non-payment by tax-payers, with a view to future adjustment and compromise, I think it is obnoxious to the claims made by counsel.   It tends to inequality, is an invitation to neglect the payment of taxes, and cannot be sustained.

HORTON, C. J.: I agree fully with the above and foregoing.