MARY E. BAKER v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ATCHISON *et al.*

No. 13,265.    ( 73 Pac. 70.)

SYLLABUS BY THE COURT.

TAXATION—*Judicial-sale Act of 1901 Constitutional.* Chapter 392 of the Laws of 1901, authorizing the judicial sale of lands bid in by the county at tax sale and not redeemed or assigned for three and one-fourth years, is not unconstitutional by reason of its vesting in the board of commissioners discretion to determine what lands shall be offered for sale under it and when they shall be so offered.

Error from Atchison district court; W. T. BLAND, judge.    Opinion filed July 10, 1903.    Affirmed.

*James M. Challiss,* for plaintiff in error.

*W. P. Waggener,* and *Waggener, Doster & Orr,* for defendants in error.

The opinion of the court was delivered by

MASON, J. :   Section 1 of chapter 392, Laws of 1901, provides "that in all cases in which real estate · has been or shall be sold and bid in by the county at any delinquent-tax sale, and shall remain or shall have remained unredeemed and the certificate of sale untransferred for the period of three and one-fourth years after such sale, it shall be the duty of the

county attorney of such county, *when so ordered by the board of county commissioners*, to institute an action in the district court, in the name of the board of county commissioners, against the owners or supposed owners of such real estate, *or so much thereof as the commissioners may direct*, and all persons having or claiming to have any interest therein or thereto, by filing a petition with the clerk of such court,'' etc., the purpose of such action being to determine the amount of the tax lien against the property and have it disposed of by judicial sale to satisfy the lien.  The board of county commissioners of Atchison county directed the county attorney to proceed under this statute against all real estate in the county subject to its terms.    Upon this authority an action was brought for the sale of certain property of Mary E. Baker. Service was made by publication, judgment was rendered, and a sale had.    Defendant moved to set aside this sale for the reason that the statute referred to was unconstitutional.    The motion was denied, and the defendant appeals.

The sole question presented is as to the validity of the act referred to.    It is challenged on account of the words italicized in the foregoing quotation, on the grounds that it is not of uniform operation throughout the state, that the time of its taking effect was not prescribed by the legislature, that it is inconsistent with a uniform and equal rate of assessment and taxation, and that it is an attempt to delegate legislative power to county commissioners.    These contentions are founded upon the conception that the legislature in effect merely submitted this statute to the various boards of county commissioners throughout the state for their acceptance or rejection ; that it does not become operative in any county until it

has been passed on and accepted by such body. We do not consider this the true interpretation of the language used. The statute, upon its publication, immediately became effective in every part of the state. It provided a new and perhaps cumulative method of dealing with the vexed problem of how to compel real estate for which no bidders can be found at the amount of taxes charged against it to bear its just part, or some part, of the expenses of government. But in order that the measure should be effective it was necessary that judgment should be employed in its application. As to some tracts an immediate sale might be advantageous. As to others a delay might increase the prospects of a good sale, or be advisable on account of a chance of payment of the full amount ultimately. In still other cases the tracts might not be worth the costs of an action. A discretion to determine when, if ever, each tract should be offered at sheriff's sale was therefore lodged with the county commissioners.

In this respect the statute is very similar to, and at all events no more objectionable than, the familiar compromise act, authorizing the county commissioners to permit the redemption of such real estate or the assignment of the tax certificate against it for less than the amount required to redeem. That statute is applied only to such tracts as the county boards select, and only when they so decide. No doubt its actual operation is much like that of the law under consideration—the property is in effect offered for sale whenever the circumstances seem favorable. It does not require that the taxes against all tracts within its terms shall be compromised, or that the taxes against any of them shall be, except as the commissioners may in a given case find it expedient. If

both statutes are in effect, the commissioners may compromise the taxes on one tract, order another exposed to public sale, and hold a third in the hope of an ultimate redemption at full value, according to the course that business prudence may dictate in each instance.

The compromise act was upheld as constitutional against an attack somewhat similar to that now directed against the law of 1901 in *Ide, Receiver, v. Finneran*, 29 Kan. 569. It is true that two of the three judges then constituting the court expressed the opinion that that act was unconstitutional so far as it related to taxes accruing subsequent to its passage, but for a very different reason from any urged here by plaintiff in error, namely, that it puts a premium upon non-payment of taxes by indulging the hope in the breast of the property-owner that by delaying payment he may have opportunity to escape a part of his obligation to the public by some future adjustment and compromise. This consideration might seem addressed to the policy, rather than to the validity, of such acts, but we express no opinion on the question suggested, as it is not before us. It may be remarked, however, that since the case referred to was decided the legislature has frequently passed laws in recognition of the compromise act. See section 4, chapter 110, Laws of 1893; chapter 122, Laws of 1901.

We do not think the statute of 1901 is open to any of the objections urged, and therefore affirm the judgment.

All the Justices concurring.