THE LINCOLN MORTGAGE AND TRUST COMPANY V. ROBERT DAVIS.

No. 15,195.   (92 Pac. 707.)

SYLLABUS BY THE COURT.

1. TAXATION—*Description in a Deed Conveying Several Tracts —Construction.* In the case of a tax deed covering several tracts which has been of record for five years, the failure to add to the statutory form (which includes but one description) words showing explicitly that the recitals are meant to apply to the tracts severally, and not collectively, is not fatal; such omission results at most in an ambiguity, and a construction must be adopted which will uphold the deed.

2. ———— *Assignment of Certificate.* A tax sale certificate issued under the "compromise act" (Gen. Stat. 1901, §§ 7672, 7673) is assignable.

3. ———— *Residence of the Grantee in a Deed.* The fact that a tax deed is based upon proceedings under the compromise act does not change the rule that it is not rendered void upon its face by a failure to disclose the residence of the grantee.

4. CONSTITUTIONAL LAW—*Uniform Assessments—Delegation of Powers—Title of an Act.* The compromise act, which authorizes the county commissioners, where property offered at tax sale remains unsold for three years for want of buyers, to cause a certificate to be issued for less than the full amount due thereon, does not violate the constitutional requirement that the rate of assesment and taxation shall be equal, nor is its title insufficient, nor is it void as an attempt to devolve judicial powers upon administrative officers.

Error from Seward district court; WILLIAM EASTON HUTCHISON, judge.   Opinion filed November 9, 1907. Affirmed.

*Francis C. Price,* for plaintiff in error.

*M. W. Sutton, T. A. Scates,* and *Albert Watkins,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:  This case turns upon the question whether the trial court erred in holding a tax deed

which had been of record more than five years to be good upon its face. Two deeds were in fact involved, ·covering different tracts, but as they were substantially similar in form the discussion may be confined to one of them. The deed covered several separate ·tracts and contained these recitals:.

"And whereas, at the said sale, no person bid the ,said amount of taxes and charges on said tracts, . . . and whereas, said lands have remained unredeemed for three years and no person has offered to purchase ·the same for the taxes, charges and interest thereon."

It is argued that this language implies merely that all of the tracts together could not be sold for the total amount against them, and falls short of showing that as to each description there was a failure to sell be- ·cause no one would bid the amount charged against that particular tract. It is true that inasmuch as the ;statutory form of tax deed relates only to a single tract it ought to be changed where several parcels are conveyed together, by inserting words showing that they .are referred to distributively rather than collectively, in order to avoid all ambiguity. But, in view of the liberality of interpretation to which a five-year-old · deed is entitled, there is no difficulty in the present ·case in reaching the same result by adopting a con- ·struction which upholds the acts of the public officers and sustains the deed upon the theory that by fair intendment it shows the proper proceedings to have been taken in respect to each tract referred to.

The deed was made under the "compromise act" (Gen. Stat. 1901, §§ 7672, 7673) to an assignee of the person to whom the certificate was issued. It is ·claimed that inasmuch as the general statute relating to tax-sale certificates (Gen. Stat. 1901, § 7648) in ·express terms declares that they shall be assignable, and these words are omitted in the compromise act, the certificates there provided for are not assignable. This act, however, provides for the payment of the .redemption money to the purchaser or holder of the

Trust Co. v. Davis.

certificate, his heirs or assigns (§ 7673), thereby recognizing the assignability of the instrument. Moreover, certificates issued upon a compromise, although possessing some peculiar features, are still of the same general character as ordinary certificates, and recourse must be had to the general law (§ 7648) to determine their contents and effect.

The deed did not mention the residence of the grantee. The plaintiff in error urges this as a fatal defect notwithstanding this court has decided in *Havel v. Abstract Co., ante,* p. 336, that although in the statutory form blanks are left after the names of the purchaser and his assignee in which to insert the counties of their residence this does not amount to a requirement that such blanks must be filled or that such residence must be stated. It is contended that the rule there laid down should not apply to a deed made in pursuance of a compromise, because in such case the owner of the land is interested in knowing the residence of the purchaser, inasmuch as if he desires to redeem after the compromise is effected and before the deed is issued he must pay the redemption money to the holder of the certificate—not to the county treasurer. This reasoning might have force if the statute provided for a public record being made before the issuance of the deed of the residence of the holder of the certificate. The fact that no such record is required is one of the reasons for believing that the legislature did not intend to insist that such residence should be stated in the deed. The deed does not issue until the time for redemption has expired, and stating the residence of the grantee therein could be of no advantage to the owner so far as relates to the exercise of his statutory right to redeem. In this respect there is no difference between a tax deed based on the compromise act and one issued under the general law.

The only remaining questions relate to the validity of the compromise act, its constitutionality being as-

41—76 KAN.

sailed upon three several grounds. The first of these is that it violates the requirement of section 1 of article 2 of the state constitution (Gen. Stat. 1901, § 202) that the rate of assessment and taxation shall be uniform and equal. In *Ide, Receiver, v. Finneran,* 29 Kan. 569, it was held that the act was not open to this objection so far as related to taxes which accrued before the law was enacted, but two members of the court expressed the opinion that it could not be sustained as to taxes levied thereafter. That question was not there involved, but must now be decided, for the deed under consideration was based upon taxes of 1894 and subsequent years, while the statute in its present form was passed in 1893.

It is too clear for controversy that where real property offered for sale for delinquent taxes has remained unsold for three years for want of a buyer at the amount charged against it, the ordinary method having failed to enforce from it any contribution to the expenses of government, some other way must be found to accomplish that end. Probably the better and more logical plan in such case is that embodied in the act permitting the foreclosure of the tax lien and sale of the property outright for whatever it will bring. (Gen. Stat. 1901, §§ 7718-7724.) To allow the commissioners to order the issuance of a tax certificate at a reduced price is not objectionable so far as the amount received is concerned, since the officers may be presumed to protect the interest of the public and drive as good a bargain as circumstances will admit. But there is just ground for criticising the feature of the compromise act that offers to the owner the advantage of the reduction, thereby enabling him to reap a benefit from his own delinquency. To permit the owner to challenge the validity of the act on this ground by attacking the sufficiency of a tax deed based upon it seems to violate the rule that the constitutionality of a law may not be questioned excepting by one who is injured by it. Waiving this consideration, how-

ever, we find no difficulty in upholding the statute upon the authority of the Ide case. That decided in effect that the legislature may, without violating the principle that the rate of assessment and taxation must be uniform and equal, allow a remittance of a part of the tax against delinquent lands which have already remained unsold for three years. That being so, we discover no reason why, equally without violating that principle, the legislature may not vest in the board of commissioners the power to take similar action whenever a like situation may arise in the future. Whether to provide in advance for such a contingency may tend to encourage landowners to suffer their taxes to become delinquent in the hope of later obtaining a favorable settlement is a question which, as suggested in *Baker v. Atchison County,* 67 Kan. 527, 73 Pac 70, seems addressed to the expediency, rather than the validity, of such provision. It is to be remembered, however, that delinquent property is exposed to sale for the full amount charged against it, and its owner who delays payment long enough to give opportunity to procure a discount does so at the risk of losing it altogether, for the compromise can only be effected after the time has arrived when any one willing to pay the tax in full can by doing so obtain a deed at once which, if the proceedings have been regular, conveys a perfect title, cutting off all right of redemption. Whether a statute authorizing the acceptance of a part of the tax for the whole is passed before or after the levy, it is obnoxious to the constitution if regarded as a favoritism extended to the property owner, but not if regarded as a permission granted to the local officers to accept less than the full amount due only because experiment has demonstrated that no more can be obtained. It has been treated in the latter aspect in the one case, and consistency requires that the same view shall be taken in the other.

It is claimed that the act of 1893 contains more than one subject and that the title does not sufficiently ex-

press its purpose. The title includes the words "relating to taxation and redemption," and everything in the act, including the provisions regarding compromise tax deeds, has some relation to taxation. The objection, therefore, is not well taken.

Finally, it is insisted that the act is void as an attempt to devolve judicial power upon the board of commissioners, the argument being that the board must act judicially in determining whether a compromise should be effected in a given case. Their action in such matter is judicial only in the sense that any act may be considered judicial or *quasi*-judicial which involves an inquiry into facts and the exercise of judgment based thereon. These qualities are characteristic of practically all actions of administrative officers calling for the exercise of discretion, and this objection is likewise unfounded.

The judgment is affirmed.