David C. Van Parys Leavenworth County Counselor Leavenworth County Courthouse 4th and Walnut Leavenworth, Kansas 66048
Dear Mr. Van Parys:
You request our opinion regarding the constitutionality of 1994 senate bill no. 542 and specifically whether section 14 of the bill violates the provisions of article 11, section 1 of the Kansas constitution.
Section 14 of 1994 senate bill no. 542 provides that certain taxable tangible personal property which would otherwise be subject to penalty for delinquent tax payments "shall not be liable for any taxes that would have been levied against such property for any year prior to the 1992 tax year." In Attorney General Opinion No. 94-73 we stated that this provision is essentially a retroactive tax exemption. [We note that section 14 is not a statute of limitations; it actually releases the tax rather than simply restricting the government's ability to collect the tax due to passage of time. See Lingleville Independent School Dist. v.Valero Transmission Co., 763 S.W.2d 616 (Tex App 1989).] The Kansas Supreme Court has set forth the test to be used in determining whether a statutory exemption survives constitutional challenge :
 "In State ex rel. Tomasic v. Kansas City, Kansas Port Authority, 230 Kan. 404, 411-12, 636 P.2d 760 (1981), this court, in discussing the power of the legislature to exempt property from taxation, stated:
 "`Under the general rule all property is subject to taxation unless specifically exempted. Property which is subject to taxation is taxed at a uniform and equal rate. However, tax exemptions are constitutionally permissible. One type of exemption is the constitutional exemption which demands the property be "used exclusively" for specified purposes. The constitution does not provide, however, that other exemptions may not be made. The legislature may provide other statutory exemptions if such exemptions have a public purpose and promote the general welfare. Such statutory exemptions may be broader than the constitutional ones. "Within the scope of legislative power, the legislature itself is the judge of what exemptions are in the public interest and will conduce to the public welfare.'" (Emphasis added.)
 "It is not contended that the IRB property will be `used exclusively' for one of the constitutionally enumerated exemptions. Therefore, the exemption, if valid, must meet the criteria for statutory exemptions.
 "In ruling on the constitutionality of statutory exemptions, this court has generally considered four key elements: (1) whether the exemption furthers the public welfare; (2) whether the exemption provides a substantial, peculiar benefit; (3) whether the exemption provides for large accumulations of tax-exempt property; and (4) whether the exemption is an improper or preferential classification of property." State ex rel. Tomasic v. City of Kansas City, 237 Kan. 572, 578-79 (1985) (citations omitted).
While article 11, section 1 of the Kansas constitution has been amended since this case was decided, there still exists a requirement for uniform and equal treatment of all property subject to taxation except as specifically otherwise provided in the constitution. The constitution does not specifically provide for the classification here in question (personal property discovered, between January 1, 1994 and March 15, 1995, to have escaped taxation for years before 1992). Nor do any of the constitutional exemptions apply to this classification of property. Thus, as in State ex rel. Tomasic, we turn to the test for statutory exemptions. It is the fourth prong of the test with which we are concerned. Section 14 of the bill exempts any tangible personal property that is discovered, within a certain period of time, to have escaped taxation for any year prior to 1992 if no taxes have yet been paid. The exemption is not based on the type of property (other than it is limited to tangible personal property), it is not based on the character of the taxpayer (other than that they did not list and/or pay their tangible personal property taxes within the statutory time line), and it is not based on the use to which the property is put. The only basis for the exemption is the fact that the tax was not paid as required by statute at the time the tax obligation accrued and became due. In our opinion, this is an improper and preferential classification that violates the uniform and equal provisions of the Kansas constitution.
"Although it has been asserted broadly that statutes designed to facilitate adjustment and settlement of delinquent taxes through reasonable additional extensions, reductions, and privileges, and to encourage or facilitate the redemption of lands covered by tax sale certificates after the initial redemption period has expired, upon condition that current taxes on the land shall be duly paid, do not violate the constitutional requirements of equality and uniformity of taxation, this principle does not extend to statutes providing for the remission, release, or compromise of all or a part of a claim for delinquent taxes, whether or not such enactments were passed to induce payment of the unremitted portion of such claims, the view being generally taken with respect to such legislation that the forgiveness of part or all of a matured claim for taxes creates an unjust inequality with respect to those persons who have paid their taxes on time." 71 Am.Jur.2dState and Local Taxation sec. 168 (1973). Courts in states other than Kansas have analyzed this very issue and concluded similarly. In State exrel. Hostetter v. Hunt, 9 N.E.2d 676 (Ohio 1937), a state statute authorizing the tax commission of Ohio to grant immunity from the collection of certain omitted taxes was held to violate that state's constitutional requirement for uniformity in taxation, by giving to those who had failed to meet certain tax obligations special benefits in the way of remission and cancelation of those obligations. In State ex rel.Maxwell Hunter, Inc. v. O'Quinn, 154 So. 166 (Fla. 1934), a statute providing authority to cancel delinquent taxes for the current or prior years was held to violate Florida's uniform and equal provision. While contrary results have been reached in other cases, see Annot., 28 ALR2d 1425, 1432-33 (1953), we believe those cases are distinguishable in that they did not deal with an actual release of a matured tax liability for a limited class of persons. In our opinion, personal property taxes are a mature obligation at the time the property is discovered, if not before; the provisions of section 14 apply to discovered property. Compare also Trust Co. V. Davis, 76 Kan. 639, 643
(1907).
In conclusion, by releasing from property taxation certain discovered escaped personal property upon which taxes have become delinquent, but not granting a similar benefit for those who timely paid their personal property taxes, section 14 of 1994 senate bill no. 542 violates the uniform and equal provision of article 11, section 1 of the Kansas constitution.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm