JESSE HELTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed February 11, 1927.

A Writ of Error to the Court of Record for Escambia County; A. G. Campbell, Judge.

*Phillip D. Beall* and *Fred H. Davis*, for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

1. Where the assignment by the Governor of a Circuit Judge to function in lieu of the Judge of the Court of Record of Escambia appears regular, and the record shows no objection having been made to a trial proceeding before such Circuit Judge and the record fails to show that error was committed in this regard, the Circuit Judge so assigned and acting appears to have so acted with full and lawful authority.

2. Where the Court in its general charge covers clearly and fully all the legal questions affecting the case it is not error for the Court to refuse to give special instructions, couched in different language, embodying the principle covered by the general charge.

BUFORD, J.—In this case the plaintiff in error was convicted in the Court of Record of Escambia County upon upon an information in two counts, each charging the uttering and publishing as true a false and forged bank check. The County Solicitor filed a suggestion of the disqualification of the trial judge under the provisions of Chapter No. 10165, Laws of Florida, Acts of 1925, upon the ground that J. McHenry Jones, Esq., was attorney for the defendant and was the son of the trial judge, the Hon. C. M. Jones. Upon the filing of this suggestion the Judge made an order certifying his disqualification on the ground stated in the motion on November 9th, 1925.

On November 24th, 1925, a second affidavit of disqualification was filed by the County Solicitor containing the following allegations:

"Mr. J. McHenry Jones, attorney for the above-named defendant, having filed affidavit that he is no longer attorney for the defendant and that the ground of disqualification of the Honorable C. M. Jones, Judge of the Court

of Record, based upon his relationship to the said J. Mc-Henry Jones, Esq., had been removed:

Now comes the State of Florida, by William Fisher as County Solicitor of Escambia County, Florida, and respectfully shows unto the Court that the Honorable C. M. Jones, Judge of the Court of Record, is still disqualified in the above cause by reason of the fact that he is related within the third degree of affinity to the County Solicitor of Escambia County, Florida; to-wit: William Fisher, Esq., in this, that the grandmother of the wife of the said William Fisher, Esq., was the sister of the mother of the Honorable C. M. Jones, Judge of this Court; Wherefore the State of Florida files this its objection, in writing, on account of such disqualification, and says that the Honorable C. M. Jones is still disqualified under the law to sit as a Court in this cause.''

There is no evidence in the record that this motion was ever presented to the Judge, or that the same was ever in any manner acted upon by the Court and, therefore, it can only be considered as surplusage in this record. On February 13th, 1926, the Governor assigned Hon. A. G. Campbell, Judge of the 1st Judicial Circuit, to proceed to Pensacola, in Escambia County, Florida, ''and there, on Saturday, the 20th day of February, 1926, and as long thereafter as is necessary, proceed to hold the said term of the said Court of Record of Escambia County and as such Judge to conduct the trial of certain causes to be tried during said term in which said causes the said C. M. Jones appears to be disqualified.''

On the 25th day of February, 1926, the cause came on for trial before a jury regularly empanelled and the Hon. A. G. Campbell as Judge, which trial resulted in the conviction, as above stated, and the defendant was duly sentenced, from which judgment writ of error was taken.

The record shows no objection having been made to the trial proceeding before Hon. A. G. Campbell as Judge.

There are four assignments of error, as follows:

"1. The record does not show, at the time of trial, affirmatively that the Judge of the Court of Record was disqualified.

2. The record shows no adjudication upon the affidavit of the County Solicitor as to disqualification of the Judge of the Court of Record, but a waiver thereof.

3. The record does not affirmatively show jurisdiction or power of the Circuit Judge under the designation of His Excellency, the Governor, to try said cause.

4. The Court erred in refusing to give defendant's requested charge No. 1, as follows: "If you entertain a reasonable doubt of the fact that the defendant passed the checks described in either count of the information, or if he passed it or if you entertain such a doubt as to whether or not he knew such instruments were forged, you will find him not guilty on such count or counts."

The first three assignments of error are addressed to the matter of disqualification of the Judge of the Court of Record of Escambia County and the power of the Circuit Judge to act in the premises. Under the showing made in the record there was no error committed in this regard and the Circuit Judge appears to have acted with full and lawful authority. See 108 So. 675.

The fourth assignment of error is addressed to the refusal of the Court to give charge No. 1 requested by the defendant. The charge as framed was not a proper charge, but had it been properly worded the refusal to give it would not have constituted reversible error, because the Court in its general charge had covered the law as is apparently attempted to be enunciated by this charge, and the rule is well settled in this State that, where the Court

in its general charge covers clearly and fully all the legal questions affecting the case, it is not error for the Court to refuse to give special instructions, couched in different language, embodying the principle covered by the general charge. Lockhart v. State, 79 Fla. 824, 85 Sou. 153; Groover v. State, 82 Fla. 427, 90 Sou. 473. The judgment is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.