Whitfield, J.
 

 Townsend Burns Ridgeway brought a bill of complaint against J. R. Peacock, Clerk of the Circuit Court, Horace G. Reese, Jr., and Ernest Amos, Comptroller, in which it is in effect alleged that Ridgeway is the owner of described lands in Sarasota County, Florida, that at a sale of tax certificates by the Clerk of the Circuit Court, J. R. Peacock, to the highest bidder under Chapter 14572, Acts of 1929, Horace G. Reese, Jr., was the highest bidder for two tax sale certificates covering said lands, issued in 1927 for the unpaid taxes of 1926; that the amount of such highest bids for said certificates is less than the full amount of such certificates for the taxes of 1926 and subsequent taxes on such lands; that said highest bids were approved by the Comptroller, and certificate No. 924 has been delivered to Horace G. Reese, Jr., upon payment of the amount bid by him; that the clerk still has in his possession certificate No. 916 which he will deliver upon payment of the amount bid; that Horace G. Reese,
 
 *1300
 
 Jr., has demanded of complainant the full amount of said certificate No. 924 and subsequent taxes, and stated that unless the same was immediately paid he would, without delay, foreclose said certificate No. 924, together with the subsequent taxes assigned to him, accruing on the property covered by said certificates, and would immediately upon receipt of certificate No. 916, proceed to foreclose it, together with the subsequent taxes accruing on the property covered by said certificate; that complainant has offered to pay the-said Horace G. Reese, Jr., the amount bid and paid by him for said certificates, and subsequent taxes, assigned to him, accruing on the property covered by said certificate, but that the said defendant, Horace G. Reese, Jr., has refused the offer and demanded the full amount of the tax certificates, and subsequent taxes, assigned to him, which have accrued on the property covered by said certificate, purchased by him.
 

 It is alleged that Chapter 14572, Acts of 1929, under which tax sale certificates are sold to the highest bidder and the tax lien foreclosed in equity, is unconstitutional on numerous grounds. Relief by injunction is prayed.
 

 By permission of the court, J. Louis Houle, a resident, citizen and taxpayer, filed a bill of intervention c.ontaining allegations affecting the validity of Chapter 14572, and prayed that operations under it be enjoined.
 

 Demurrers to the original bill and the bill of intervention were sustained and the complainant appealed.
 

 The statute gives the State a lien upon lands, for taxes duly assessed thereon. Section 896,1020 Comp. Gen. Laws. Such lien is evidenced by tax sale certificates issued at the sale for nonpayment of taxes. When the certificates are purchased by private parties at the sale, or from the State when the certificates are sold to the State, the statute provides that the owner of the land or others interested
 
 *1301
 
 therein, may redeem the certificates within two years. At the end of the two year redemption period the private holder may get a deed or foreclose the lien evidenced by the tax certificate. If the State holds the tax certificate when the redemption period expires, the title to the land vests in the State under the Statutes. The State may sell the certificate and issue a deed thereon after due notice to the owner or may authorize the lien of the tax certificate to be foreclosed and the rights of the owners cut off. The State exercises this authority by virtue' of its sovereignty to enforce tax payments. The sovereign power is exerted through statutes that afford due process and equal protection of the laws to property owners.
 

 Section 42 of Chapter 14572, Acts of 1929, provides for the sale of tax certificates held by the State, after the period of redemption expired. Such provisions are properly connected with the general subject “relating to and concerning taxation,” expressed in the title and the provisions of Section 42 are not inconsistent with but are in complement to the matters relating to and .concerning taxation that are specifically stated in the title of the Act; and the title is not double and is not misleading as to the provisions of Section 42 of the Act. The provisions of the Act that constitute a part of or matter properly connected with the subject expressed in the title, make the provisions of Section 42 matter properly connected with the general subject of legislation expressed in the title of the Act. Besides this, the sale of tax certificates held by the State, representing unpaid taxes, is a matter that is inherently germane to and a proper incident to or a component part of the general legislative subject “relating to and concerning taxation.”
 

 In Hoadley v. City of Tarpon Springs, 99 Fla. 130, 125 So. R. 912, the statute, Chapter 14430, Acts 1929, author
 
 *1302
 
 ized a private sale of tax certificates before the period of redemption had expired, at such price as the board of commissioners may deem proper and for the best interests of the city without statutory limitations.
 

 The statute provides that when in the absence of a bidder land is bid off for the State at tax sales and the State continues to hold the certificates “the title to the land shall, at the expiration of the time for redemption, vest in the State without the issuing of a tax deed, as provided for in other cases.” Section 1027 (796), Comp. Gen. Laws. A sale of such certificates after the redemption period has expired, for less than the amount of the taxes stated in the certificate is the sale of State property and does not violate the organic provision requiring ‘ ‘ a uniform and equal rate of taxation.”
 

 Section 42, Chapter 14572, Acts of 1929, does not pledge or loan the credit of the State to any individual, company, corporation or association, in violation of Section 10, Article IX of the Constitution.
 

 After the two year period of redemption of tax sale certificates has expired, the State may sell and transfer such certificates held by it upon such terms as the law may prescribe ; and no right of the owner of the land or other taxpayers are violated if in good faith to serve a proper State purpose and policy, the tax certificates are under the provisions of the statute sold and transferred for less than the amount of taxes represented by the certificates.
 

 The further privilege of redeeming the certificates given by the statute pending the due issue of deeds on the certificates or pending a sale under final decree in foreclosure proceedings under the statute, may be by law conditioned upon the payment of the amount of taxes and costs stated in the certificate with proper interest and expense charges as allowed by law.
 

 
 *1303
 
 After the expiration of the two year period for redemption as provided in the statute and in the tax sale certificate when issued at the tax sale, the owner of the land and others who may redeem can do so only upon the conditions provided by law, there being no statute further extending the
 
 rights
 
 of the owners or others interested in the lands taxed.
 

 Privileges given by statute to redeem after' two years from the date of the tax certificate may be modified by statute when such privilege is not a part of the contract rights of the certificate holder and the owner is not denied due process or equal protection of the law.
 

 The organic rights of property owners are not invaded by the provisions of Section 42, Chapter 14572, nor does such section confer legislative powers upon administrative officers. The distribution of the proceeds from the sale of tax certificates is prescribed by statute.
 

 This suit involves tax sale certificates, not tax deeds.
 

 The portions of Chapter 14572 challenged as invalid in this case are discussed and conclusions thereon are stated in Ridgeway v. Reese, dfecided at this term.
 

 Affirmed.
 

 Terrell, C. J., and Strum, Brown and Buford, J. J., concur.
 

 Ellis, J., dissents.