CITY OF MARIANNA, *et al.,* v. GUSSIE DAVIS and PAUL CARTER.

169 So. 50.
Opinion Filed April 17, 1936.
On Rehearing June 25, 1936.

*James H. Finch,* for Appellants;

*Robert S. Pierce, Jr.,* and *B. L. Solomon,* for Appellees.

PER CURIAM.—This was a suit to enjoin the enforcement and application of House Bill No. 749, Chapter 17405, Acts 1935, providing for the creation of Municipal Delinquent Tax Adjustment Boards. Mr. Presiding Justice ELLIS, Mr. Justice TERRELL and Mr. Justice BUFORD vote in favor of reversal of the decree below, for the reason stated in their several expressions of opinion filed herewith. Mr. Chief Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice DAVIS are of the opinion that Chapter 17405, Acts 1935, is unconstitutional for the reasons stated in the opinion of Mr. Chief Justice WHITFIELD, which opinion is concurred in by Mr. Justice BROWN and Mr. Justice DAVIS. Mr. Justice DAVIS in a separate opinion votes for the reversal of the decree appealed from for the reasons assigned by him in the separate opinion he has prepared and filed herein, but concurs with Mr. Chief Justice WHITFIELD in the view that Chapter 17405, *supra,* is unconstitutional.

The decree is accordingly reversed without prejudice, with directions to dismiss the bill of complaint in the court below. See: Lee, Comptroller, v. Bond-Howell Lumber Co., 123 Fla. 202, 166 Sou. Rep. 733.

Reversed without prejudice with directions.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

WHITFIELD, C. J.—Regulations for the imposition of taxes and for the enforcement of tax collections are legislative functions; the execution of the regulations are by administrative or ministerial officials or bodies. Tax levies are required to be "uniform and equal" in the tax unit. Valuations for taxation are required to be "just." Sec. 1, Art. IX. The levy and enforcement of tax collections must not be so prescribed or executed as to deny due process or equal protection of the laws. The collection of delinquent tax levies is an essential part of the taxation system, and is governed by the same mandatory organic requirement of "uniform and equal" levies, "just valuations" and due process and equal protection of the laws.

Where discretionary authority in the levy of taxes or in the enforcement of tax collections are by valid statutory enactments delegated to or conferred upon officials or official bodies, the enactments should (1) announce the legislative policy in the premises, prescribe the limitations of the authority conferred, with definite standards which are to control the exercise of the delegated authority, and (3) provide for a finding of the facts upon which the delegated discretionary authority is exercised. The action taken is subject to appropriate judicial or other legal review. See Fla. Motor Lines v. R. R. Com'rs, 100 Fla. 538, 129 So. 876; McMullen v. Newmar Corp., 100 Fla. 566, 129 So. 870; State v. A. C. L. R. Co., 56 Fla. 617, 47 So. 969; 32 L. R. A. (N. S.) 639; Panama Refining Co. v. Ryan, 293 U. S 388, 55 Sup. Ct. 241, 79 L. Ed. 446. State, ex rel., v. Green, 95 Fla. 117, 115 So. 66; State v. Fowler, 94 Fla. 752, 114 So. 435.

Chapter 17405, Acts of 1935, purports to authorize a designated official body, viz.: a "Board to adjust, settle and compromise taxes * * *." By Section 4,

"The said Board is authorized in its sound discretion to compromise and adjust the amount required to be paid for the redemption, settlement and liquidation of any municipal tax sale certificate, or of any delinquent city taxes held, owned or controlled by the city or any attorney or agent thereof for the year 1933 or prior years upon any property within the said city, including the omitted subsequent taxes upon such property upon principles of fairness to the city and to the owners of such property."

No policy of the Legislature in the premises is stated.

No standards to control the delegated "sound discretion to compromise and adjust the amounts required to be paid" for past due taxes, are prescribed except "principles of fairness to the city and to the owners of such property," which statement of applicable "principles" is too vague and indefinite, at least in cases of this nature, to be a legal guide in the exercise of discretionary authority affecting the rights of all taxpayers in the taxing unit as well as of the taxing unit and the delinquent taxpayers. Those who have paid their taxes have a right to require the delinquent taxpayers to pay their just share of the tax levied on the properties of all of them.

Section 1 of the Act provides that the secretary of the Board "shall keep proper and accurate minutes and records of the meetings of the said Board." But there is nothing to indicate what standards or considerations shall govern the Board, and the "minutes and records of the meetings of the Board" are not required to contain anything showing the Board acted within the delegated authority, or the facts and considerations upon which the Board did "compromise and adjust the amount required to be paid for "delinquent taxes that were duly assessed. Requiring delegated authority to be exercised with "sound"

discretion has no definite significance in cases of this character when no standards of action or decision are prescribed in delegating the authority or by other enactments.

Constitutional statutory provision may be made for administrative determinations whether delinquent tax assessments are upon excesive valuations as compared with valuations of other property assessed in the same unit for the same purpose, and for adjustments of delinquent tax payments upon definite standards or principles applicable alike to all who are affected by the tax as levied in the taxing unit for the same purpose; but Chapter 17405, Acts of 1935, is not an Act of that nature. Because of the material differences in the two statutes, the above discussion is not in conflict with the decision in State, *ex rel.* Dowling, v. Butts, 111 Fla. 630, 149 So. 746, where Chapter 16252, Acts of 1933, was considered.

BROWN and DAVIS, J. J., concur.

TERRELL, J.—The Legislature of 1935 enacted Chapter 17405, providing for the creation of Municipal Tax Adjustment Boards in cities, towns, and villages, and authorizing them to settle, redeem, or compromise any municipal tax sale certificates or delinquent city taxes held, owned, or controlled by the city or any attorney or agent thereof for the year 1933 or prior years.

In June, 1935, the city council of Marianna, pursuant to the aforesaid Act, resolved itself into a Municipal Tax Adjustment Board and proceeded to hear applications from property owners for the adjustment of their delinquent taxes. A settlement whereby certain property owners agreed to pay the full amount of the principal of all delinquent taxes due by them and the city agreed to remit all interest, costs, and penalties was agreed on.

Before this settlement was consummated appellees, as

complainants below, filed their bill of complaint against the city council seeking to restrain its execution. A temporary restraining order was granted, motion to dismiss was over-ruled, answers were filed, testimony was taken, and on final hearing Chapter 17405 was held to be invalid and the temporary restraining order was made permanent. From that final decree the instant appeal was prosecuted.

It is first contended that Chapter 17405 is ineffectual and void because it abrogates the rule of equality and uniformity in taxation as required in Sections One and Five of Article Nine of the Constitution of Florida, and the rule of equal protection as provided in Section One, Article Fourteen of the Federal Constitution.

Section Four of Chapter 17405 defines the powers of Municipal Tax Adjustment Boards and the applicable part of it to this case is as follows:

"The said Board is authorized in its sound discretion to compromise and adjust the amount required to be paid for the redemption, settlement, and liquidation of any municipal tax sale certificate, or of any delinquent city taxes held, owned, or controlled by the city or any attorney or agent thereof for the year 1933 or prior years upon any property within the said city, including the omitted subsequent taxes upon such property upon principles of fairness to the city and to the owners of such property."

Section Seven of said Act, terminating the tenure of Municipal Tax Adjustment Boards, is as follows:

"The said Board's power to adjust, settle, and compromise delinquent taxes and special assessments shall terminate and expire twelve months from the date of holding of its first meeting and no applications shall be considered thereafter, provided that applicants upon whose applications orders have been entered during the last thirty days of the

Board's existence shall be entitled to thirty days from the time of notice of said order within which to comply with same as hereinbefore provided."

We construe this Act to apply only to tax certificates maturing in 1933 or prior years, the date of maturity being on or before that on which the two-year period of redemption expires. All boards organized under the Act become *functus officio* one year after organization except as to those applications for redemption filed during the last thirty days. As to these, thirty days additional in which to be disposed of them are allowed. In fine, the Act provides for the creation of Municipal Tax Adjustment Boards and allows them one year plus thirty days to compromise and adjust all tax certificates held by the city for 1933 and prior years.

The rule is settled in this State that during the period of redemption allowed by law, equality and uniformity of taxation forbid that any tax certificate held for redemption be sold or disposed of for less than its full face value including penalties, but when that period has expired and experience has demonstrated that matured certificates will not bring their full value with or without penalties they may be sold or compromised for less than this amount. Ranger Realty Co. v. Miller, 102 Fla. 378, 136 So. 546; Hoadley v. City of Tarpon Springs, 99 Fla. 130, 125 So. 912; Ridgeway v. Peacock, 100 Fla. 1297, 131 So. 140; State, *ex rel.* Dowling, v. Butts, 111 Fla. 630, 149 So. 746.

Equality and uniformity of taxation as referred to in Sections One and Five of Article Nine of the Constitution have reference to the manner of assessment and equalization. They bear no relation to the manner of realizing on certificates that have become the assets of the municipality by forfeiture and lapse of the redemption period. The Act

has no reference to and gives no advantage to taxpayers who pay their taxes over those who don't. It concerns only certificates forfeited to the municipality by expiration of the redemption period and as to these it places all former owners in the same category.

It is a matter of common knowledge that for years prior to 1933 most of the land in the State had been laden with a fictitious value on the basis of which assessments for municipal, State, and county taxes had been imposed. In many instances where the property was favorably located or produced an income the taxes so imposed were paid, but in thousands upon thousands of other instances the taxes have never been paid, and as a result the lands have been certificated to the State or the municipality for non-payment of taxes. The purpose of the Act in question is to restore these lands to the tax books by giving the former owners preference in redeeming them. It is supplemental to other Acts now on the books for compromising, adjusting, and settling matured tax certificates. It is not a statute allowing a discount or remission to the former owner or delinquent taxpayer at a figure less than others would be permitted to redeem it. It is a statute permitting the municipality to compromise with the former owner an asset which it still has the option to foreclose or dispose of in any way the statute provides.

All things done under the Act are authorized to be done within the discretion of the Municipal Tax Adjustment Board and must be done on principles of fairness to the city and the property owner. Dealing with a particular class of certificates for a particular time, there is no theory on which it could be said to encourage voluntary tax delinquencies.

With the wisdom and policy of legislative Acts courts

are not concerned. However, this Court has approved the power of the Legislature to enact laws making reasonable and appropriate concessions to encourage redemption of forfeited lands from tax sales, thereby acquiring some value for certificates representing uncollected or long delinquent taxes and restoring the lands to tax roll for current and future assessments. State, *ex rel.* Dowling, v. Butts, 111 Fla. 630, 149 So. 746, *supra;* Ridgway v. Peacock, 100 Fla. 1297, 131 So. 140, *supra.*

We are, in other words, confronted with an Act of the Legislature designed to liquidate certain frozen assets of the city which have become of doubtful value by reason of the expiration of the period of redemption. Not being extended on the tax roll, they no longer bear any part of the burden of government and the period of redemption having expired the Legislature is warranted in assuming that they are not worth the taxes and certainly have become a non-productive asset. The Legislature cannot violate organic rights in the disposition of such assets, but it may provide for their disposition in the interest of all concerned by making reasonable concessions to induce the former owners or others to restore them to the tax roll. It is also desirable that the fictitious values they were thought to have be washed out and that they again become a live asset.

Municipal Tax Adjustment Boards are vested with power and discretion to adopt a general plan or scheme for compromising and settling tax certificates in lieu of foreclosure or settlement by other means provided, but the means here provided do not exclude or abrogate other means. The determination of the Board to proceed under this Act should be on terms of fairness to the city and the property owners which means that it should be based on a consideration of what is best in view of the whole situation rather than iso-

lated instances. The cost and time to foreclose, results accomplished, and many other factors enter into this determination.

Certainly if delinquent owners generally would come in and redeem on a reasonable basis this would be much better than foreclosure or resort to other means to liquidate even if there were cases in which more could be realized by foreclosure than by compromise. The judgment and discretion of the Board will determine this rather than a test to see what amounts could be collected. Such Boards are presumed to do their duty and when their discretion has been exercised it will not be disturbed unless there is a showing of fraud or arbitrary conduct.

Our attention has been called to State, *ex rel.* Matteson, v. Luecke, *et al.* (Minn.) 260 N. W. 206, but the rule as here announced is not in conflict with that case. Here the Act is concerned with frozen assets of municipalities of doubtful value, while in the last cited case the Act held unconstitutional provided that under circumstances stated delinquent taxes could be satisfied in full by payment of a fraction of the amount originally assessed. The purpose of the Act in either case was entirely different.

There is no showing here of fraud or abuse of discretion on the part of the Board and we find no merit to the assault for invalidity.

ELLIS, P. J., and BUFORD, J., concur.

ELLIS, P. J. (concurring).—I concur in the conclusion by Mr. Justice TERRELL upon the ground that the ownership by the municipality of a tax certificate taken by it because of the purchase by the city of the land upon which the tax was levied is an asset in the nature of property and its value is determined as other property values are estimated, and may be sold or disposed of as other property may be under

lawful authority. The disposal of such assets has no relation to taxation and the requirements of uniformity and equality of rate of taxation has no application, but when the certificate is sought to be enforced all constitutional defenses are open to the owner of the land affected by the sale.

On that ground I dissented in the case of Ridgeway v. Peacock, 100 Fla. 1297, 131 South. Rep. 140. See concurring opinion by ELLIS, J., in State v. Butts; Ragan v. Peacock, 111 Fla. 630, text 661, 149 South. Rep. 746.

DAVIS, J. (specially concurring and dissenting in part).— The courts are committed to the doctrine that where there is an intentional, systematic and unjust discrimination on the part of taxing authorities in favor of one class of taxpayers against the rest that it amounts to an unconstitutional denial of the *equal protection of the laws* to those who are discriminated against, as well as operates to deprive them of their property without due process of law by compelling them to pay an excesive burden of taxation to make up for what the authorities fail to collect from the specially favored. Louisville & Nashville R. R. Co. v. Amos, 98 Fla. 350, 123 Sou. Rep. 745; Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 Sou. Rep. 503; Sioux City Bridge Co. v. Dakota County, 260 U. S. 441, 43 Sup. Ct. Rep. 190, 67 L. Ed. 340; Sunday Lake Iron Co. v. Wakefield Twp., 247 U. S. 350, 38 Sup. Ct. Rep. 495, 62 L. Ed. 1154; City of Tampa v. Palmer, 89 Fla. 514, 105 Sou. Rep. 115; Baker v. Druesedow, 263 U. S. 137, 44 Sup. Ct. Rep. 40, 68 L. Ed. 212; Southern R. Co. v. Watts, 260 U. S. 519, 43 Sup. Ct. Rep. 192, 67 L. Ed. 375; Greene v. Louisville & I. R. Co., 244 U. S. 499, 37 Sup. Ct. Rep., 61 L. Ed. 1280.

The Legislature has no authority to authorize others to do that which the Constitution forbids, namely: specially

favor one class of taxpayers at the expense of another, whether it be attempted during the process of tax assessment *or afterward*. An unconstitutional *system* for practical accomplishment of discrimination for the special benefit of delinquent taxpayers may consist of a permissibly practiced favoritism in the form of tax abatements after delinquency and is just as invalid in principle as such a system set up in advance of tax paying time would be. And this Court has so declared in the case of Ranger Realty Co. v. Miller, 102 Fla. 378, 136 Sou. Rep. 546, wherein it is said:

"So long as * * * the sale of the (delinquent tax) certificates is not shown to be intended to be made *to the delinquent taxpayer himself* so as to amount to an unconstitutional favoritism extended to such property owner at the expense of other taxpayers * * * a municipal corporation has the * * * power to sell and assign its past due tax certificates and to accept in consideration thereof *less than the full amount,"* etc.

In that case we cited as authority for the foregoing holding the Kansas case of Lincoln Mortgage & Trust Co. v. Davis, 76 Kan. 639, 92 Pac. Rep. 707, which holds that any statute authorizing the acceptance, directly or indirectly, of a part of a tax for the whole is unconstitutional as a denial of the equal protection of the laws and as a disregard of the requirement of equality and uniformity *of treatment* of all taxpayers, where it is intended as a favoritism extended to the property owner or to someone acting for him. See also: State, *ex rel*. Matteson, v. Luecke (Minn.) 260 N. W. Rep. 206, to the same effect.

In Simpson v. Warren, 106 Fla. 688, 143 Sou. Rep. 602, it was likewise held that even the Legislature itself could not by direct statute to that effect, unconstitutionally discriminate against, and deny the equal protection of the

laws to, that class of taxpayers who have already paid a given tax, by thereafter arbitrarily remitting and wiping out, *by repeal or otherwise,* the liability of those taxpayers, who by their delinquency for the time being, had postponed payment of their just share of the public tax burden.

It is patent upon a bare inspection of Chapter 17405, Acts of 1935, that said Act differs materially from any previously enacted statutes undertaking to deal with delinquent taxes. It differs from the "Futch" Act in that it authorizes the compromise and adjustment of "the amount required to be paid for the redemption settlement and liquidation" of taxes presumptively lawfully levied, and as to which no attempt has been made to collect them by the process available to the taxing authority according to law. Chapter 17405, *supra,* is not a statute which merely undertakes to deal with the taxing authorities' disposal of property forfeited to it or against which it holds a judgment or decree. Under this statute property owners are divided into two classes: those who pay taxes promptly and those who do not. The latter class is permitted to escape liability for the amount of taxes assessed against them by paying a smaller amount than the former. No reasonable basis founded on essential differences in nature or circumstances suggests itself as a justification for any such discrimination.

In this case the bill of complaint was filed in the court below by a taxpayer whose taxes had been duly paid at the time and in the manner required by law. That bill alleges that another delinquent taxpayer is about to be permitted to escape his tax liability amounting to $1600.00, by paying the mere sum of $500.00 in discharging delinquent taxes due the City of Marianna for the years 1927, 1928, 1930, 1931, 1932, 1933 and 1934. If the allegations of the bill are true, as we assume they are, the City of Marianna

is about to relinquish to one delinquent taxpayer to the prejudice of many others not delinquent, an enforceable tax liability equal to the difference between $1600.00, the amount of the unpaid taxes, and $500.00, the amount of the compromise, namely, $1100.00.

The bill of complaint specifically alleges, and that allegation is not denied, that the City has already instituted suit against the delinquent taxpayer to enforce .the payment of his $1600.00 unpaid taxes, and that the property of the delinquent taxpayer about to be foreclosed against is worth many times the amount of the delinquent taxes and interest due thereon. It is further alleged that no test has ever been made by the City of Marianna to demonstrate whether or not the delinquent taxes can be collected, and that each of the defendants, City Councilmen of the City of Marianna, who are about to effectuate the compromise with the delinquent taxpayer, well know that the taxes involved are collectible, and will be collected, if the pending suit, with enforcement of same, is allowed to proceed to final decree of foreclosure and not compromised.

It thus appears from the bill of complaint that the City of Marianna is about to relinquish for the sole and exclusive benefit of a single delinquent taxpayer, and without any constitutional reason being assigned therefor, a collectible asset of the City of Marianna that is equivalent in value to $1100.00. The necessary result of this attempted action is that the City of Marianna is giving away to one delinquent taxpayer to the prejudice of the plaintiff and other taxpayers $1100.00 that, if collected, is capable of being credited upon the budget of current requirements and thereby used to reduce the current tax levy in such amount as $1100.00 will reduce the total of plaintiff's taxes during the current tax year.

In order to work equality of treatment of the plaintiffs, who are not delinquent in their tax payments, with the delinquent taxpayer named in the bill of complaint, there are available but two legal means of accomplishing that result: (1) by enjoining the compromise and thereby preventing the wrong to begin with; (2) by giving to the plaintiffs as taxpayers, a reduction of their current taxes in an amount equal to the $1100.00 asset that is being given away by the city for the benefit of one delinquent. If the courts deny the first relief, they must necessarily grant the second. This is so, because the United States Supreme Court, in the cases cited in the first paragraph of this opinion, has laid down the rule that if there is no other means of bringing about equality in tax burdens, the tax assessment of the complaining party must be itself diminished, if necessary, to remove the objection of one discriminated against by an act of favoritism on the part of the taxing authorities in reducing the taxes of others in such manner as to cause an increase in the burden of the complainant. The latter relief must be granted and will be granted in the Federal Courts, if not in the State Court, in situations such as those just mentioned.

I have heretofore pointed out that this Court, in the case of Ranger Realty Co. v. Miller, hereinbefore cited, specifically referred to and approved as an authority in this state, the case of Lincoln Mortgage & Trust Co. v. Davis, 76 Kan. 639, 92 Pac. Rep. 707. In that decision the Supreme Court of Kansas says: "Whether a statute authorizing the acceptance of a part of the tax for the whole is passed before *or after* the levy, it is obnoxious to the Constitution if regarded as a favoritism to the property owner, but not if regarded as a permission granted to the local officers to accept less than the full amount due only because

experiment has demonstrated that no more can be obtained." (Emphasis supplied.)

The Kansas Court, in that case, distinctly points out the difference between a case where delinquent property has been once *exposed* to delinquent tax foreclosure for the full amount of taxes charged against it, but whose owner has delayed payment of his taxes long enough to give himself opportunity to procure a discount and has thereby *incurred the risk of losing his property altogether,* and the case of a delinquent taxpayer who has never had his property subjected to a tax forfeiture by virtue of which he might have lost it altogether through having it pass into hands of third parties with whom no compromise could be effected after the period of redemption expired and as to whose rights nothing has been done by the tax collecting authorities that would cut off his right of redemption, in consequence of which he still retains all of his original beneficial rights wholly unimpaired by the tax liens originally impressed upon it in common with others who paid their taxes in order to avoid a foreclosure of same.

I agree to the proposition of constitutional law that the Legislature, without violating the organic principles that the rate of assessment and taxation must be uniform and equal, may allow a remittance of a part of the tax assessed against delinquent lands which have already been subjected to final sale by foreclosure or otherwise for the full amount of taxes charged against them, and whose owner has been exposed thereby to the risk of losing his lands altogether, because of his delaying his tax payment long enough to acquire the opportunity for procuring a discount provided such procedure is resorted to by the taxing authorities in an honest effort to dispose of property which has already been forfeited to it for taxes, and which, by thus disposing

of it for the best price obtainable, either to the original owner or to some one else, may consequently be liquidated.

But the last stated principle is not applicable to the present case. This is so, because the bill of complaint in this case alleged, without any denial being interposed to rebut it, that the property of the delinquent taxpayer involved in this proceeding has never been subjected at any time to a foreclosure sale in an effort to collect the taxes assessed against it. Therefore, what the City of Marianna is about to do under pretended authority of the legislative Act brought in question in this case, is not to legitimately dispose of a city asset realized and held by it as the result of its completed processes of tax assessment and collection, but rather it is about to make a plain gift to the delinquent taxpayer of a collectible tax asset and presently held by it and capable of being collected in full, and that it is therefore about to unlawfully remit the amount of same in favor of this particularly favored taxpayer to the prejudice of all the others whose current and future taxes will thereby necessarily be proportionately increased through the medium of a higher levy of taxes that will necessarily be resorted to in order to make up for the loss of the existing asset so unlawfully given away to one whose sole claim to favor is his own admitted delinquency.

Were it not for the fact that this question is so fundamental to the future ability of cities and towns to judicially enforce their taxes, I would have nothing to say about the matter in the form of a special opinion on the subject. However, it is obvious to me that under the rule repeatedly laid down by the United States Supreme Court in Greene v. Louisville & I. R. Co., 244 U. S. 499, 37 Sup. Ct. Rep. 673, 61 L. Ed. 1280, and similar cases, the conclusion expressed in this case that Chapter 17405, Acts of 1935, is

constitutional, necessarily means that a new right is now being created on the part of every non delinquent taxpayer in the state (especially on the part of the railroads and public service corporations who are not given the benefit of such legislation) to enjoin in whole or in part every current tax levy hereafter made until they are allowed to realize due credit on their current taxes equivalent to the amount of the delinquencies that may be forgiven and not enforced under the 1935 Act. This is so, because every dollar of taxes forgiven to one man, whether before or after delinquency, casts a proportionately increased burden on those not forgiven. Consequently, unwarranted tax abatements result in an unconstitutional discrimination against those who are not benefited by the practice, and entitle such as are discriminated against to resort to a court of equity for the only relief that can be given them in the premises, namely, a proportionate abatement of their current taxes equal in benefit to them to the taxes remitted to others to their prejudice for past years, which, if collected, would reduce the current taxes they may complain of. Louis K. Liggett Co. v. Lee, 288 U. S. 517, 53 Sup. Ct. 481, 77 L. Ed. 929, 85 A. L. R. 699.

I therefore dissent from the conclusion that Chapter 17405, Acts of 1935, is constitutional, but concur in the reversal of the decree appealed from inasmuch as I do not think it was appropriate for the court below to enjoin the City of Marianna with respect to its settlement of an already pending litigation in the courts brought for the enforcement of delinquent taxes alleged to be due the city. It is within the province of any litigant to settle pending litigation in consideration of the withdrawal of defenses that may be available to be interposed against the relief sought. If the City of Marianna is about to settle the pending tax

foreclosures to the prejudice of other taxpayers in the City of Marianna, they should intervene in the other suit and make an objection against the settlement by petitioning the Court to allow them to carry on the foreclosure in the name of the City upon the refusal of the city officers to do so. It is the duty of municipal officers to perform duties that they are lawfully bound to perform for the benefit of the municipal corporation that they represent. When they do not do so they are liable in damages for such default for any loss occasioned thereby. See: First National Bank of Key West v. Filer, 107 Fla. 526, 145 Sou. Rep. 204. But that is not the only remedy—an injured taxpayer has a right to intervene in a pending suit in order to insist that such duties be performed in a case wherein a failure to perform them will result in a peculiar and direct injury to the intervening taxpayer should the pending proceeding not be carried to a conclusion.

### ON REHEARING

PER CURIAM.—In this cause Mr. Chief Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice DAVIS are of the opinion that the previous disposition of this case heretofore made on April 17, 1936, should be adhered to while Mr. Presiding Justice ELLIS, Mr. Justice TERRELL and Mr. Justice BUFORD, are of contrary opinion. When members of the Supreme Court sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the judgment of the Supreme Court should be adhered to on rehearing and there is no prospect of an immediate change in the personnel of the Court the previous judgment of the Supreme Court should not be disturbed, therefore it is considered, ordered and adjudged under the

authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 Sou. Rep. 51, that the decree of the Circuit Court in this cause be and the same is hereby reversed without prejudice with directions in accordance with the judgment of the Supreme Court entered April 17, 1936, which is hereby adhered to.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J. concur.