GEORGE C. SHARROW, and LOUISA F. HOLDING, by her next friend, J. M. Holding, suing in behalf and for the use and benefit of CITY OF DANIA, a Florida Municipal Corporation; and CITY OF HOLLYWOOD, a Florida Municipal Corporation, v. CITY OF DANIA, a Florida Municipal Corporation; CITY OF HOLLYWOOD, a Florida Municipal Corporation; and A. V. B. BAILEY, joined by her husband, THEODORUS BAILEY, and S. R. MULLIKEN, as City Clerk and Tax Collector of the City of Dania.

180 So. 18.
Division B.
Opinion Filed March 4, 1938.
Rehearing Denied April 13, 1938.

642

*Jesse Grantham, C. E. Farrington* and *Thomas E. Swanson,* for Appellants;

*Albert B. Bernstein, Robert J. Davis, C. H. Landefeld, Jr., and George W. English, Jr.,* for Appellees.

PER CURIAM.—The order appealed from herein is as follows:

"This cause was duly presented by Counsel upon motion of the defendants A. V. B. Bailey and Theodorus Bailey, her husband, and on motion of the City of Hollywood, to dismiss the first amended bill of complaint.

"Plaintiffs, as taxpayers, allege that the City of Hollywood in 1929, and within the two year statutory period of redemption, sold certain municipal tax certificates on the basis of 75% of their par value (to A. V. B. Bailey, a married woman). At the time the taxes became liens the lands involved were in the City of Hollywood, but thereafter and prior to the sale of the certificates, the City of Dania was created out of part of the City of Hollywood, with the provision that the City of Hollywood should collect the taxes and make proper distribution of the proceeds.

"It is alleged that a large number of these certificates were redeemed upon payment to the purchaser, one A. V. B. Bailey, a married woman, of sums of money in excess of 75 per cent. of the par value of the certificates, and that a large number of the certificates still remain in the hands of the purchaser, Plaintiffs seek to have the assignment and sale of the certificates declared invalid and to require the municipality to enforce the lien for the taxes embraced in those certificates against the various properties, without in any way returning to the purchaser any of the purchase price paid by her. Plaintiffs also seek to have the unredeemed tax sale certificates remaining in the hands of the purchaser returned to the municipality. In effect, plaintiffs seek to forfeit the entire purchase price of the certificates bought by A. V. B. Bailey, without any attempt to place the parties *in status quo*. The owners of the lands involved are not parties to this suit. It is the view of this Court that in 1929, the sale of the certificates to the pur-

chaser, on the basis of 75 per cent. of their par value, was without authority of law. At the same time, I do not believe that the certificates became unenforcible in the hands of the purchaser, nor do I believe that the municipality can now be prevented from accepting payment of the taxes on those certificates, and remitting the proceeds to the holder of them. Unquestionably, the proper remedy for plaintiffs was to seek an injunction to prevent the sale and assignment of the certificates. However, these taxpayers have apparently remained idle for approximately seven years, during which time a great change in the status of the parties has occurred. Now, it does not appear from the facts alleged, that it would be possible for the Court to require the assignee to account for the assets unlawfully procured, on any basis of equity between the parties, at least, without the owners of the lands involved, before the Court.

"It is the further conclusion of the Court, that the principle of law stated in Smith v. Daffin, 115 Fla. 418, 155 So. 658, is controlling upon the facts alleged in the amended bill. It would not be equitable to rescind the contract of sale entered into between the purchaser, a married woman, and the City, without placing the parties *in status quo*. It does not appear that the Court would be warranted in entering a money decree against a married woman. Further, there is nothing to indicate that, if the Court granted the relief that the plaintiffs seek, to the extent of a rescission, with a restoration of the *status quo*, and an accounting, any benefit would accrue to the municipality from such action. The Court will take judicial notice of the fact that many municipalities in this Circuit permit taxes for the years in question to be paid for on a basis much less than par, and even as low as on a basis of 13 per cent. of the par value. The Court will therefore take judicial notice of the fact that, insofar as the amended bill alleges,

if the municipality owned today all of the certificates sold in 1929, the City might not obtain as much as 75 per cent. of the par value of the face of the certificates for their redemption or sale.

"There may be facts which the plaintiffs may be able to allege which will entitle them to some relief in a court of equity, but they do not appear upon the face of the amended bill of complaint and the exhibits·made a part of it. Thereupon,

"IT IS ORDERED, ADJUDGED AND DECREED, that the motions to dismiss be granted, with leave to the plaintiffs to further plead within ten days from date, and defendants to plead thereto within ten days after receipt of a copy of plaintiffs pleading."

We agree with the Chancellor that the sale of the tax sale certificates by the City Council to Mrs. A. V. B. Bailey on the basis of 75 per cent. of their par value was without authority of law in that the two year redemption period had not run. However, we do not think that the sale was void merely because of the inadequacy of consideration, no lack of good faith being suggested.

Mr. Justice TERRELL, in his opinion in the case of City of Marianna v. Davis, 124 Fla. 145, 169 So. 50, text 53, states the rule to be:

"The rule is settled in this State that during the period of redemption allowed by law, equality and uniformity of taxation forbids that any tax certificate held for redemption be sold or disposed of for less than its full face value including penalties, but when that period has expired and experience has demonstrated that matured certificates will not bring their full value with or without penalties they may be sold or compromised for less than this amount. Ranger Realty Co. v. Miller, 102 Fla. 378, 136 Sou. 546; Hoadley v. City of Tarpon Springs, 99 Fla. 130, 125 So. 912; Ridge

way v. Peacock, 100 Fla. 1297, 131 So. 140; State, *ex rel.* Dowling, v. Butts, 111 Fla. 630, 149 So. 746, 89 A. L. R. 946."

Mr. Justice DAVIS, in his opinion of the Court in Ranger Realty Co. v. Miller, *supra,* states:

"Primarily the only duty of the City is to hold its certificates subject to redemption, during the period allowed by law for redemption. It is neither permitted nor required to sell them during such period at any price less than the full amount of taxes and penalties represented thereby. During this period of redemption allowed and secured to the taxpayers, uniformity of taxation demands that any amount which the taxpayer may be required to pay during that time to redeem shall inure in full to the benefit of the municipality to which it is due.

"This is a part of the process of taxation itself, and, as was held in the Hoadley case, *supra,* cannot be defeated by authorizing the assignment of the certificate to a stranger who will reap the benefit of any difference that may be paid between what the taxpayer is required to submit to for redemption and what the city may actually receive by virtue of its exercise of the taxing power through tax sales and issuance of tax sale certificates.

"So long as the sale of municipal tax sale certificates is for the best price obtainable, and is attempted only after the right of redemption given by law to the taxpayer has expired and so long as the sale of the certificate is not shown to be intended to be made to the delinquent taxpayer himself so as to amount to an unconstitutional favoritism extended to such delinquent property owner at the expense of other taxpayers (Lincoln Mortgage & Trust Co. v. Davis, *supra*) a municipal corporation which has been given the general power to make and enforce municipal tax levies has the incidental power to sell and assign its past due tax

certificates and to accept in consideration thereof less than the full amount of taxes and penalties due, when experiment has reasonably demonstrated to the officials of the city that the full face amount thereof, with or without the attached penalties, cannot be obtained by the ordinary processes."

In the above quoted case, this Court held that tax certificates held by the municipality could be sold, after the two year redemption period had expired, for less than their par value. In that case they were sold for 75 per cent. of their principal face value.

In the case of Draughon v. Shultz, 127 Fla. 501, 507, 173 So. 360, this Court was considering inadequacy of consideration paid for a tax sale certificate held by the Clerk of the Circuit Court, and it was there stated:

"Where the Clerk fails to collect the full consideration prescribed by law, but the purchase and assignment of the certificate is for value, though for less than the required statutory amounts, the sale and assignment of the involved certificates absent fraud, *is not null and void,* but if an application be made for the issuance of a tax deed thereon it is within the province of a court of equity, at the suit of an interested taxpayer, to secure compliance with the statute by enjoining or withholding enforcement of such tax certificate, until the proper amount of consideration for its assignment is paid by the holder."

It is our opinion in the case at bar that the sale of the tax certificates held by the municipality at a price below par to a good faith purchaser was without authority of law at the time of the sale, but this unauthorized contract was not unconstitutional nor null and void under the facts alleged. The taxpayers could have enjoined the assignment of the tax certificates, or perhaps the contract itself could have been rescinded if the taxpayers had taken such action within

a reasonable length of time after the assignment was made. However, here it appears that the taxpayers have waited seven years to assert their rights. During that period of time there must, of necessity, have been a great change in the status of the parties. Under the bill as framed the Appellants are seeking to have the entire purchase price of the certificates bought by Mrs. A. V. B. Bailey forfeited, without any attempt to place the parties *in status quo*. As was said by the learned Chancellor: "It would not be equitable to rescind the contract of sale entered into between the purchaser, a married woman, and the City, without placing the parties *in status quo*. It does not appear that the Court would be warranted in entering a money decree against a married woman."

It does not appear from the bill that there was any "inequality or lack of uniformity of taxation" caused by this contract with a third party who was not a taxpayer. No fraud is alleged and it may be presumed from the bill that the whole transaction was one in good faith and aboveboard. The mere inadequacy of consideration will not operate to render the contract null and void. The taxpayers, after seven years have passed during which time the City of Hollywood and the City of Dania have had the use of the money paid by Appellee A. V. B. Bailey, for the assignment of the tax certificates and after the contract has been entirely executed for this length of time and the position of the parties necessarily changed, cannot now come in and assert that the contract should be rescinded and that the purchaser of the certificates should forfeit her purchase price. Especially is this true when it does not appear that the municipality would benefit by a rescission of the contract.

We agree with the Chancellor in his conclusion that the doctrine of the case of Smith v. Daffin, 115 Fla. 418, 155

So. 658, is applicable to the facts of this case. As was said in that case:

"Courts of equity discourage laches and delay in the enforcement of rights. This is so because of the general principle that nothing can call forth a court of chancery into activity but conscience, good faith, and reasonable diligence on the part of those who invoke its aid. Where these are wanting, a court of equity will remain passive and do nothing toward granting the complainant relief, even though he might have been entitled to the very relief he seeks had he acted with reasonable diligence. Laches is not like the statute of limitations a mere matter of time. Laches is principally a question of the inequity of permitting a claim to be enforced by equitable remedies in the face of a change in the conditions or relations of the parties occasioned by a delay that works a disadvantage to him against whom equitable relief is sought. When a court of equity sees negligence on one side and injury therefrom on the other, it is ground for denial of equitable relief.

"Laches applies to suits in equity for injunction when brought by taxpayers against alleged authorized, but nonfraudulent, transactions or contracts that have been entered into by public officers when and after such contracts have in good faith been fully executed with resultant benefit to a political subdivision, though unauthorized by law in the first instance and capable of being enjoined when in an executory stage, or during the course of performance."

In Smith v. Daffin, *supra,* the County Commissioners of Jackson County had entered into a contract with J. D. Smith whereby he was to induce the State Road Department to comply with an alleged agreement that it had made to finish the approaches to "Victory" bridge. If he was successful he was to be paid a sum equal to 10 per cent. of the expenditure and if he was unsuccessful he was to re-

ceive nothing. The County Commissioners did not have any authority to enter into such a contract. The taxpayers came in after Smith had successfully induced the Road Department to build the approaches and attempted to enjoin the payment of the sum due Smith under the contract. The Court held that laches had run as the contract was completed before there was any objection and because the County had received the benefit of Smith's services.

We have carefully considered the arguments advanced in the briefs of both parties and the authorities cited therein. It is our opinion that under the bill of complaint as framed, the Appellants are not entitled to the relief prayed for, and that the order appealed from should be affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.