The order granting a rehearing is procedural only. Itmerely permits a re-argument of the cause and does not changeor affect the judgment of this Court affirming the decree appealed from. The judgment of affirmance stands as the judgment of this Court unless it is changed by a majority of the Justices of the Court sitting as a body in the cause.
I am willing to let the cause be re-argued as other causes have been. The judgment of affirmance will of course remain the judgment of this Court unless it is changed in the manner required by the Constitution.
This Court sitting as a body with five of the six Justices participating, has jurisdiction by a majority vote to grant a petition for a rehearing and to recall the mandate in a cause in which a decree of the circuit court has been affirmed by an evenly divided Court, where the petition for rehearing ispresented and granted during the term in which the mandate isissued and transmitted to the trial court. But a petition for rehearing granted does not in any way affect the judgment of the Supreme Court rendered in the cause. Such judgment cannot be changed in its legal effect except by a direct vote of the Justices as is expressly provided by the Constitution. See Corner Bridge Foundation Co. v. Sheeran, 119 Fla. 543,161 So. 60; City of Marianna v. Davis, 124 Fla. 145, 169 So. 50.
The Constitution as amended in 1902 does not provide for a decision in any cause in the Supreme Court to be rendered by an even division of the six Justices of the Court but it does expressly provide that, "The majority of the Justices of the Supreme Court shall constitute a quorum for the transaction of all business," and that, "The *Page 784 
concurrence of a majority of the members of the Court sitting in any cause wherein the Court shall sit as one body, shall be necessary to a decision; and when any member of a division of the Court shall dissent from the majority of such division of any question, such question shall be submitted to the Court sitting in a body." Sec. 4, Art. V.
The word "sitting" of course means participating in a decision in a cause.
Under the latter organic provision quoted above, this Court has decided numerous cases, some of which involved questions of constitutional law, on a vote of three to two when there were six Justices. See for examples, Ex parte Cox, 44 Fla. 537, 33 So. 509; Taylor v. State, 49 Fla. 69, 38 So. 380; State v. Town of Belleair, 125 Fla. 669, 170 So. 434. In Taylor v. Finlayson,128 Fla. 444, 176 So. 44, long contested in this Court, the first decision was on September 3, 1935, reversing the decree; the decree was later affirmed by an evenly divided Court; the last decision, on the fourth petition for rehearing, was rendered June 28, 1937, three Justices voting to affirm the decree, one Justice dissenting, one justice absent on account of illness; one justice having died June 20, 1937, and his successor, appointed June 23. 1937, not participating in the decision. The decree was affirmed on a three-to-one division of the participating justices. See also 146 So. 551.
In Carver v. State, a murder case, 101 Fla. 142, 134 So. 62,136 So. 605, the judgment of conviction was affirmed by a four-to-two division of the Court of six Justices. A rehearing was granted and the judgment was reversed by a three-to-two vote of the Justices, one Justice not participating.
So under the Constitution when there are six members of the Court and five are participating, a decision may be made *Page 785 
three to two; or when four participate, a decision may be made by a vote of three to one of the Justices sitting as a body in the cause.
In State ex rel. v. McClung, 47 Fla. 224, 37 So. 51, it is stated that: "Under our constitutional provision an equal division of opinion can not have the effect, ipso facto, of an affirmance, for the Constitution makes the concurrence of a majority necessary to a decision, but where the division is permanent and there is no probability of an immediate change in the personnel of the Court, it becomes the duty of those in favor of reversal to unite with their associates in affirming the judgment, otherwise the case might be continued indefinitely, and the delay amount to a denial of justice. In such case the rule with respect to the force and effect of the judgment of affirmance is the same as that which prevailed at common law where the judgment was affirmed because of an equal division of opinion. Thus it does not import a division as to the nature of the judgment, but as to the question of law and fact involved in it. While the judgment is a bar to any subsequent action for the same cause, * * * yet, as no matters of law are decided so far as the question upon which the Court is equally divided is concerned, the judgment possesses no dignity as a judicial precedent. It carried upon its face a badge which precludes any application of it in future under the doctrine of stare decicis. 'The judges simply agree that it is expedient to finish the litigation. It is a public expediency, and is often expedient also with respect to the interests of the parties. Supported by these considerations and the presumption of correctness which always attaches to the judgment of the court below, it is proper and right that the judges who were in favor of a reversal should waive any insistence of opinion and unite with their associates in an *Page 786 
affirmance of the judgment. This they do without in any way relinquishing their convictions upon the questions of law or fact involved in the case.' Luco v. DeToro, 88 Cal. 26, 25 Pac. Rep. 983; Frankel v. Deidesheimer, 93 Cal. 73, 28 Pac. Rep. 794; Santa Rosa City R. R. v. Central St. Ry. Co., 112 Cal. 436, 44 Pac. Rep. 733."
Three to three affirmances under the procedure adopted in the McClung case, cited above, do not affect the exercise of jurisdiction as required by Section 4, Article V, of the Constitution when a justiciable matter is presented to the Court by petition or otherwise.
In Helton v. State, 93 Fla. 232, 111 So. 635, the judgment was affirmed three to three and the mandate was sent down. A rehearing was granted on which the mandate was recalled during the last term of this Court. The rehearing was granted on the ground that there had been a change in the personnel of the Court. The cause was carried over to this term on the petitionfor rehearing granted and without an order vacating the final judgment. At this term the judgment was reversed.
In Chapman v. St. Stephens P. E. Church, 105 Fla. 683, text page 717, 136 So. 238, 138 So. 630, 139 So. 188, the judgment was reversed July 21, 1931. The mandate was issued September 1, 1931, and recalled January 6, 1932. The last judgment was rendered January 9, 1933, the cause having been carried over to the succeeding terms upon petition for rehearing and without an order vacating the final judgment.
In Foster v. Thornton, 113 Fla. 600, 152 So. 667. "The judgment was on writ of error reversed by this Court August 10, 1935. On petition for rehearing the judgment of reversal was receded from and by opinion filed February 9, 1934, the judgment of the court below was affirmed. *Page 787 
Foster v. Thornton, 113 Fla. 600, 152 So. 667. Plaintiff in error then filed petition for rehearing which was denied February 27, 1934. On June 26 following this Court on motion of plaintiff in error entered its order directing the clerk of the circuit court to return the mandate to this Court. A second oral agreement was heard July 31, 1934, and on December 6, following, a per curiam opinion was filed which, among other things, announced an equal division of the Court and reinstated the judgment of reversal, dated August 10, 1934. Foster v. Thornton, 119 Fla. 49, 150 So. 490."
The above quotation is from the opinion in Foster v. Thornton, 125 Fla. 699, text 701, 170 So. 459.
So in the Foster v. Thornton case the judgment was reversed August 10, 1933, in the June term, 1933. On February 9, 1934, in the January term, 1934, the judgment was affirmed on petition for rehearing. The mandate was issued and transmitted to the trial court March 1, 1934, in the January term, 1934, and was recalled June 26, 1934, in the June Term, 1934. On December 6, 1934, in the June term, 1934, the judgment was again reversed.
There are at least two other cases now before the Court in which judgments were rendered and rehearings denied, and on second petitions for rehearings, the causes were carried over to this term on the petitions for rehearing which are now under consideration, no order vacating the final judgment having been made. The ground for granting the rehearings was a change in the personnel of this Court.
As the Court had jurisdiction in this term to reverse the judgment in Helton v. State, above cited, on a petition forrehearing granted and mandate recalled during the last term on the ground that there had been a change in the personnel of the Court, it must be that the Court has the *Page 788 
same jurisdiction at this term that it had at the last term. When a cause is carried over to another succeeding term or terms as in Foster v. Thornton and Taylor v. Finlayson, above cited, the Court has the same jurisdiction in each term that it had in the first term to make any order until the cause is finally disposed of in due course, and the term in which it is finally disposed of has expired. A mandate may be recalled during the term in which it is issued. And the mandate was recalled the term after it was issued in Foster v. Thornton,supra, 125 Fla., text page 701. This Court may grant or deny the recall of a mandate upon a proper and sufficient showing to warrant the order made.
In this case the decree was affirmed March 29, 1938, in the January term, 1938, on a three-to-three division of the six Justices. A petition for rehearing filed April 14, 1938, was carried over into the next term and denied June 18, 1938. The last order was vacated June 22, 1938. The petition for rehearing was denied by a three-to-three division of the Court October 11, 1938. Another petition for rehearing was filed October 12, 1938. The mandate was issued October 13, 1938. On November 25, 1938, during the same term in which the mandate was issued, petitions for rehearing and a recall of the mandate were filed. Objections were filed December 6, 1938. On December 6, 1938, an order granting a rehearing and recalling the mandate was made by a three-to-two vote of the Justices, one Justice being absent, not participating. The cause was carried over to this term on the petition for rehearing and recall of the mandate as was done in Helton v. State, above referred to.
In this case a party to the affirmed decree had a right to present a petition for rehearing as had been done in many other case, and the province of the Court was to act on the petition. There were six Justices present, the petition was *Page 789 
granted three to two, one Justice not participating, as had been done in other cases. The cause was duly carried over to this term, and the Court has all the jurisdiction and power it had at a preceding term.
A re-argument should be allowed as in other cases, no matter what the decision may be.
This opinion was prepared before the order of March 28, 1938, was made by the Court.
BUFORD, J., concurs.
BROWN, J., concurs in conclusion.