LEON COUNTY, a political subdivision of the State of Florida; V. G. PHILIPS, as Chairman of the Board of County Commissioners; et al., v. GEORGE G. CRAWFORD, individually and as Clerk of the Circuit Court of Leon County, Florida.

15 So. (2nd) 321 June Term, 1943
October 20, 1943 Division A

*J. Lewis Hall,* for appellants.

*John C. Blocker,* for appellee.

TERRELL, J.:

Section Thirty six of Chapter 20722, Acts of 1941, as amended by Chapter 22079, Acts of 1943, requires the clerk of the circuit court of each county to make up and certify to the board of county commissioners a list of all lands bid off for the county for non payment of taxes. Section 36, same Chapter provides that within ninety days after such list is furnished them, the Board of County Commissioners shall file a bill of complaint, attaching a copy of the list thereto, in the circuit court in the name of the county and against all lands listed in the schedule, the purpose being to quiet title in the county.

A controversy has arisen and the board of county commissioners are in doubt as to whether or not the 1941 certificates held by the clerk should be included in the 1943 certified list. This suit was instituted by the board of county commissioners praying for a declaratory decree construing the controverted portions of the Act. There was a final judgment on bill and answer and both parties appealed.

Chapter 20722, Acts of 1941, was a revision of the law affecting the sale of lands for non payment of taxes and the certification therefor to the State. Chapter 22079, Acts of 1943, amended the former Act in certain particulars but did not change its general import. The general purpose of the two acts was to provide a method of sale that would free the lands from all State, County, and Municipal liens, for non-payment of taxes including improvements, to provide a judicial proceeding to quiet and vest title in the county, to strengthen tax titles, to return the lands to the tax rolls as speedily as possible and to provide a better system to deal with delinquent taxes as between counties and municipalities.

The first point of controversy is whether or not under the terms of the amended act, lands against which state tax sale certificates issued in 1941 should be included in the list certified by the clerk of the circuit court in 1943 to the board of county commissioners as a predicate for the foreclosure proceedings provided by amended Section 36 of Chapter 20722.

The provisions of the statute pertinent to this question are as follows:

The following part of amended Section 4, Chapter 22079, Acts of 1943:

"All lands against which the State of Florida holds any tax sale certificate or other lien for delinquent taxes assessed for the year 1940 or prior years, shall be assessed for the year 1941 and subsequent years in like manner and to the same effect as if no taxes against such lands were delinquent. Should the taxes on such lands be not paid as required by law, such lands shall be sold or the title thereto shall become vested in the county, in like manner and to the same effect as other lands upon which taxes are delinquent, are sold or the title to which becomes vested in the county, under this Act."

The following parts of amended Section 36:

"Provided further, that all certificates for 1940 taxes which were sold to the State and are unredeemed, shall be included in the chancery proceeding herein authorized in the year 1943, to the same effect as if the same were owned solely by the County, and the interest of the State of Florida in such taxes shall be distributed to it by the clerk when proceeds thereof are available for distribution and payment as herein provided." . . .

"On and after two years have elapsed from the date of the certificate issued at the Tax Collector's sale of delinquent taxes on all such lands as are bid off by him for the county and which taxes have not been redeemed or purchased, and within ninety days following the expiration of such period of two years, the clerk of circuit shall prepare a complete schedule or list in triplicate of all such lands, and he shall retain one such list or schedule in the files of his office, and he shall deliver one such schedule or list to the Board of

County Commissioners, duly certified by him, the receipt of which schedule or list shall be recited in their minutes."

We think this question must be answered in the affirmative if the Act as a whole is to be given the full meaning and scope intended. The two year period referred to in the first quoted part of amended Section 36 has reference to the 1941 certificates and the proviso at the conclusion of the same Section would seem to conclude the point. It is also settled that the chancery proceeding should be brought in 1943. We think the rule as above stated would also apply to 1941 state tax sale certificate held by the clerk even though subsequent taxes on the lands had been paid.

We think therefore that Section 4 vested title in the county to all lands on which the taxes had not been paid and to which there was in the hands of the clerk of the circuit court a tax sale certificate more than two years old. Any certificate in the hands of the clerk more than two years old also constitutes a predicate for the chancery proceeding and should be included in the list certified to the county commissioners.

The next question presented is whether or not the clerk of the circuit court is authorized to omit from the list certified by him to the board of county commissioners lands upon which certificates were purchased during the 90 day period allowed for making and certifying the list:

The purpose of the Act was to provide a complete delinquent tax list as of the date of the expiration of the two year period from the date the tax sale certificate was issued. The proviso to Section 36 as amended seems to require that subsequent purchases of tax sale certificates be included in the certified list and that they be eliminated by the final decree rather than by the clerk.

The next question with which we are confronted has to do with the expiration of the right of redemption on the part of the original owner of the lands involved in the chancery suit.

The chancellor held that the right of redemption as to all tax sale certificates existed until the final decree in the chancery proceeding was entered.

The statute is not clear on this point but it gives support to the chancellor's ruling. His ruling is also in harmony with the general trend of legislation in this State on the point, the Murphy Act being the only exception to the rule that we now recall. Since we find no clear intent to provide a different rule we will not reverse the chancellor on this point.

The next question has to do with the right to purchase State and County tax sale certificates and when that right expires. With this question is also treated that of when city taxes and city tax sale certificates are required to be redeemed as a prerequisite to the purchase of State and County tax sale certificates.

Both questions turn on the interpretation of the proviso to Section 36 as follows:

"On or before the return day of said notice, any person firm, or corporation shall have the privilege of purchasing from the clerk of the circuit court all tax liens, tax sale certificates and subsequent and omitted county taxes upon said lands, for the amount due at such time of purchase, including all interest, penalties and charges allowed by law. In the exercise of such privilege, any person so purchasing said taxes and tax liens, shall likewise be required to purchase or pay any municipal tax liens thereon outstanding and unpaid at such time, and at the time such county tax liens are purchased from the clerk of the circuit court, such purchaser shall file with such clerk an official receipt of the municipality showing purchase or payment of such municipal taxes, which shall be a prerequisite before the privilege of purchase of county tax liens may be exercised."

In our view, a reasonable interpretation of this proviso in the light of the general purpose of the act would be that the period of redemption is limited to the two years following the date of the certificate during which time it may be purchased by anyone. If the lands covered by the certificate are within a municipality and the certificate is more than two years old, then the purchaser must pay all city tax liens then due. A mere reading of the first sentence of the provision above quoted would extend the right of purchase to the return day of the notice in the chancery proceeding but appli-

cation of the rule of reason to the full purpose of the act leads to the conclusion here reached.

It follows that the decree of the chancellor is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.