**EILEEN S. COUGHLIN, a widow, v. BROWARD COUNTY, a political subdivision of the State of Florida.**

22 So. (2nd) 814        June Term, 1945
July 20, 1945            Division A

*Miller & Fitzsimmons,* for appellant.

*Jno. E. Morris* and *Elbert B. Griffis,* for appellee.

TERRELL, J.:

Pursuant to Chapter 20722, Acts of 1941, as amended by Chapter 22029, Acts of 1943, Broward County, Florida, filed its bill of complaint in the Circuit Court against certain lands on which taxes were delinquent. Among the lands described in the bill of complaint were lots 16 and 17, Block 3, Santa Barbara Estates title to which was claimed by appellant.

The bill of complaint prayed that the fee simple title in and to the lands described therein be decreed to be vested in the county free and clear of all liens and claims of every kind and that the title be quieted, confirmed, and set at rest against the claims of any former claimants. A final decree in response to the prayer of the bill was entered July 31, 1944. On September 26, 1944, appellant as complainant filed her

motion to vacate the final decree. That motion was on consideration overruled and this appeal was prosecuted.

The question presented is whether or not the lands of appellant were properly included in the foreclosure suit, they having been acquired by the State at the tax sale of 1939 for non payment of 1938 taxes, the record showing that all subsequent taxes were paid.

This question appears to have been answered contrary to the contention of appellant in Leon County, v. Crawford, 153 Fla. 604, 15 So. (2nd) 321, wherein we held:

"We think therefore that Section 4 vested title in the county to all lands on which the taxes had not been paid and to which there was in the hands of the Clerk of the Circuit Court a tax sale certificate more than two years old. Any certificate in the hands of the Clerk more than two years old also constitutes a predicate for the chancery proceeding and should be included in the list certified to the County Commissioners."

We think therefore that any certificate held by the Clerk of the Circuit Court that is more than two years old, may support a suit for foreclosure but the facts in this case easily classify it as a "hardship case" in the contemplation of Chapter 22870, Acts of 1945.

It appears from the record that appellant acquired her title July 26, 1938, and had paid all subsequent taxes when due. The taxes for that year should have been paid by her grantor and she assumed that this was done. She may not have been as diligent in this as some would have been but there is ample showing that she acted in good faith and the equities in her favor are ample to permit her to apply for and have the lands in question conveyed to her under the terms of the Act last mentioned.

The judgment below is affirmed but without prejudice to appellant to proceed in the manner provided in this opinion.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.