STATE OF FLORIDA, ex rel. ANDERSON BOUCHELLE, v. JESS MATHAS, as Clerk of the Circuit Court of Volusia County, Florida.

26 So. (2nd) 652                          June Term, 1946
June 21, 1946                                  Division A

*G. J. Garrett,* for appellant.
*James H. Sweeney, Jr.,* for appellee.

BUFORD, J.:

On appeal we review an order of the Circuit Court of Volusia County, Florida, as follows:

"This cause having come on to be heard before me, upon motion of the relator for a peremptory writ of mandamus, notwithstanding the return of the respondent to the amended alternative writ of mandamus heretofore filed herein, and the matter having been argued by counsel for the respective parties, and it appearing to the court that the tax sale certificate involved herein, to-wit, tax sale certificate No. 2504, sale of August 5, A. D. 1940, sold to the Treasurer of the State of Florida, covered property the title to which was vested in the City of New Smyrna Beach on May 1, 1943, and was still vested in the said city at the time of the assignment of said certificate to relator's assignor, and that said tax sale certificate was more than two years old at the time of said assignment; that by virtue of the rulings of the Supreme Court of the State of Florida in the case of Caughlin v. Broward County, 156 Fla. 298, 22 So. (2nd) 814, and Leon County v. Crawford, 153 Fla. 604 15 So. (2nd) 321, said tax sale certificate came under the provisions of Chapter 20722, Acts of 1941 as amended by Chapter 22079, Acts of 1943, and accordingly could not be included in the proceedings required to be brought by the County, but was held in status quo as provided in said Act until such time as said property was sold by said municipality, at which time all liens, State, County and City, would be paid and satisfied, as provided by said Act, and

the Court having fully considered the matter and being advised in the premises, it is, therefore,

"ORDERED AND ADJUDGED that relator's motion for a peremptory writ of mandamus notwithstanding return of the respondent be and the same is hereby denied, and that the amended alternative writ of mandamus heretofore issued by and the same is hereby dissolved and this cause dismissed at the cost of realtor; which costs are hereby taxed at $..........

"DONE AND ORDERED IN CHAMBERS at Daytona Beach, Florida, this 15th day of December, A. D. 1945."

Paragraph 7 of Sec. 36, as amended by Sec. 13 of Chapter 22079, Acts of 1943, provides as follows:

"All lands foreclosed by municipalities for delinquent taxes or special improvement liens, or to which such municipalities acquired title prior to the first day of May, 1943, shall not be subject to the judicial proceedings by the county as herein provided, and shall not be included in the list required to be prepared by the Clerk, nor included in the proceedings herein provided. From and after such date of expiration of such two year period, neither the municipality nor the county shall assess such lands, to which title is held by municipalities, for taxes nor extend valuations thereon upon their respective tax rolls; nor shall budget making authorities of either county or municipality consider the valuation of such lands in calculating millages required to be levied. It shall be the duty of each municipality holding title to such lands, on or before the first day of September, 1943, to furnish to the Clerk of the Circuit Court a verified and accurate description of all such lands. Upon the sale of said lands, hereafter by said municipality, the county shall share in the proceeds thereof as and in full satisfaction and discharge of any lien it holds on said lands for general taxes in the same proportion that the amount of the county's lien for general taxes, due at the time such two year period expires, bears to the amount of such municipality's lien for general taxes, due at the time said municipality acquired title to such lands, increased by the amount of general taxes which would have been due said municipality had said lands been assessed as those of an individual on the basis of its last assessed valua-

tion upon the municipal tax roll at the annual millage rate thereafter levied until the date on which said lands are no longer subject to assessment under the provisions hereof. Provided, however, that if such proceeds are sufficient to allow payment in full of the amount of such municipality's lien, for general taxes as above calculated with lawful interest thereon, and the amount which the county would have received had its taxes been redeemed on the date the two years period expired, any excess thereafter remaining, shall be first applied to payment of any special improvement lien held by the city at the time it acquired title; and thereafter, any remainder shall be divided between the municipality and county, pro rata, in the proportion that the liens of each for general taxes bore to each other at the time such two year period expired."

This appears as sub-paragraph 7 of Sec. 194.47, 1945 Supplement to Vol. 1, Florida Statutes, 1941, (same F.S.A.).

It is first contended by the appellant that the inclusion of the provisions of this section in the Act violates Sec. 16 of Article III of our Constitution. The provisions of this section are definitely indicated in the title to the Act.

Chapter 20722, Acts of 1941, of which chapter 22079 is amendatory, was a comprehensive revision of the laws of the State of Florida in regard to tax liens and enforcement thereof. The provisions of the section, supra, affect matters properly connected with the subject matter of the Act and do not violate Sec. 16 of Article III of our Constitution.

We have carefully considered the provisions of sub-section 7, supra, and while such provisions are not so clear as they might have been written, it is our conclusion that by these provisions the legislature of Florida intended to, and did, freeze such certificates as are here involved in status quo in the hands of the Clerk of the Circuit Court until such time as the municipality holding title to the lands should dispose of same and it is further our conclusion that because of this freezing of the status of such tax certificate the Clerk of the Circuit Court was without power or authority to sell and assign the same. It will be observed that the sale and assignment by the Clerk was made after Chapter 22079, supra, became effective. Therefore, neither the appeallant here nor

his predecessor as holder of the certificate had any vested interest in the certificate when the Act affecting same became effective.

It is well settled that the State of Florida may dispose of delinquent tax sale certificates then held by it in such adequate terms as it may prescribe without violating the rights of their owners or other tax-payers. See Ridgeway v. Peacock, 100 Fla. 129, 131 So. 140; Messer v. Land, 129 Fla. 547, 176 So. 548, and cases there cited.

It is contended by the appellant that because this municipality did not own the land covered by the certificate at the time the tax deed was applied for the appellee is precluded from setting up the provisions of sub-paragraph 7 of Sec. 194.47, supra, as a reason for not complying with the alternative writs of mandamus. We can not agree with this contention.

It is also contended that because the municipality holding title to such land did not on or before the first day of September, 1943, furnish the Clerk of the Circuit Court a verified and accurate description of such lands the municipality has lost the benefits provided in sub-paragraph 7, supra. We do not consider this requirement of the section to constitute a condition precedent to the acquisition of benefits under the Act or, failing to do so, to work a forfeiture of such benefits.

The record here shows that in the assessment under which the certificate issued the municipality was shown as the owner and, therefore, both the Clerk of the Circuit Court and the certificate purchaser were put on record notice that the municipality was the owner of the land.

The duty to file such list of land with the Clerk of the Circuit Court is a continuing duty, as is also the duty to report and account for the purchase or the sale of such lands.

The matter of refund of the money paid by the tax certificate purchaser to the Clerk of the Circuit Court is a matter to be adjusted between those parties as it was money paid by one to another under misapprehension as to the status of the law by both parties under such conditions as would entitle the tax certificate purchaser to a refund or repayment to him of the amount which he so paid.

For the reason stated, the order and judgment appealed from is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.