**CITY OF ST. PETERSBURG, a Municipal Corporation, v. CERTAIN LANDS, ETC., and PINELLAS COUNTY.**

28 So. (2nd) 537          June Term, 1946
January 3, 1947          Division A

*C. I. Carey,* for appellant.

*John C. Blocker,* for appellees.

BUFORD, J.:

In 1944 Pinellas County, under and by virtue of the provisions of Chapter 22079, Laws of Fla., Acts of 1943, filed suit in the Circuit Court of that County to quiet title against certain lands described in the bill of complaint, a part of which lands was situated in the city of St. Petersburg, and as to which the City of St. Petersburg held delinquent tax liens for unpaid taxes and unpaid improvement liens. The City of St.

Petersburg was given notice of the institution of this suit but did not appear in said suit to contest the same.

Thereafter, on December 18, 1944, the Judge of the Circuit Court of Pinellas County, Florida, entered a decree in said cause affirming and quieting title to all lands involved in said suit in and to Pinellas County, Florida, to be held and disposed of by said Company in accordance with the provisions of Chapter 22079, supra.

On March 13, 1945, the City of St. Petersburg filed a bill of complaint in the Circuit Court of Pinellas County for the purpose of foreclosing its delinquent tax liens and public improvement liens above referred to. Such Bill was filed under the general equity law of Florida. Pinellas County appeared in this suit and, in due time, filed its answer. In the answer it is, in effect, alleged that the property described in the bill of complaint filed by the City is owned by Pinellas County under the terms and conditions of Chapter 22079, Acts of 1943, pursuant to the final decree of the Circuit Court of Pinellas County of December 18, 1944.

It also alleged that the governing body of the City of St. Petersburg and the governing body of Pinellas County had agreed and fixed the value or price of said lands for the purpose of selling the same and disposing of the proceeds of such sales under the provisions of Chapter 22079, supra. The answer was later amended to show that pendente lite eleven tracts of the lands involved in the suit had been sold to the highest and best bidder in accordance with the provisions of Chapter 22079, supra, and that the City of St. Petersburg has been paid and has accepted its part of the proceeds of such sales.

The cause came on for final hearing. Certain testimony was introduced and a stipulation was instituted by counsel for the respective parties which was approved and ordered filed. Thereafter, on April 16, 1946, the Circuit Court of Pinellas County entered a final decree denying the right of the plaintiff to proceed with the foreclosure against the land involved.

The decree, in effect, holds that the lands involved in the suit were acquired by Pinellas County under the provisions of

Chapter 22079, supra, and that title to the same was confirmed by the Circuit Court of Pinellas County in Chancery suit No. 26144, which was the decree heretofore referred to. That the instant suit was instituted subsequent to the final decree in favor of Pinellas County. That since the institution of plaintiff's suit it has agreed with Pinellas County as to the value of lands involved in this suit and has permitted Pinellas County to sell some of the lands involved in this suit and has accepted from Pinellas county its ratable share of the proceeds calculated and determined in accordance with provisions of Chapter 22079, supra, and that to permit plaintiff to foreclose its liens as alleged in its bill of complaint against lands involved herein as to which Pinellas County has already acquired title as aforesaid would result in inequalities and confusion and that the plaintiff should now be required to look to the collection of its liens involved from the proceeds to be applied from time to time as the lands are disposed of and purchase money received by Pinellas County and ratably distributed in accordance with the provisions of Chapter 22079, supra. That the plaintiff's liens as established by the pleadings and stipulations filed herein are not impaired but merely transferred from the lands involved in this suit to the proceeds of sale as same may come into the hands of Pinellas County as Trustee and to be ratably distributed.

The Court then adjudged and decreed in effect that the plaintiff is denied the remedy of foreclosure and that Pinellas County is declared to hold title to the lands involved in this suit for itself and as Trustee for the plaintiff of St. Petersburg, Florida and, as such Trustee, should perform the duties imposed upon it by the provisions of Chapter 22079, supra, particularly as to the distribution of plaintiff's ratable share of all proceeds which shall come into its hands from the sale of lands involved in this suit. That nothing in this decree should be construed as impairing the validity of plaintiff's liens as established in this cause but such liens are transferred from the lands involved in this suit to the proceeds of sale as same may come into the hands of defendant as Trustee which should be ratably distributed according to the law.

From this decree the plaintiff appealed.

The appellant presents one question which it states as follows:

"Has the City of St. Petersburg the legal right to proceed now by in rem foreclosure proceedings, against such lands, to enforce its past due City taxes and improvement liens, even though the title to said lands has been quieted in Pinellas County under the provisions of Chapter 22079?"

Under this question it is contended as follows:

"(1). This Act destroys property rights, already fixed and established, without giving the injured party its day in court, with an opportunity to present and defend its rights.

"(2) It destroys fixed remedies and substitutes other remedies, which themselves destroy fixed property rights, already vested.

"(3) It exempts property from taxation, contrary to organic and constitutional law.

"(4) It furnished the foundation for, and establishes a policy, against the general welfare, which will ultimately destroy the municipalities of the State."

Every contention made by appellant, supra, except those numbered 1 and 3, has been set at rest by our opinions and judgments in the cases of Leon County v. Crawford, 153 Fla. 604, 15 So. (2nd) 321; Pinellas County v. Banks, et al., 154 Fla. 582, 19 So. (2nd) 1.

As to contention numbered 1 we may simply observe that no attack is made by the bill of complaint challenging the regularity of the proceedings had in the suit by Pinellas County to quiet title to the lands involved. There is no denial that the City of St. Petersburg had notice of that suit and an opportunity to be heard. In that suit the City had the opportunity to present every question as to the validity of the Act under which it was brought and nothing contained in that Act could have lawfully prohibited the City from attacking the validity vel non of the Act.

Contention numbered 3, we think, is without merit for the reason that under the provisions of Chapter 22079, supra, the County took title to the land for itself and as Trustee for the City in interests proportionate to the respective tax claims of

the County and of the City and to provide that each of those taxing units should be relieved from the assessments and collection of taxes on the lands while they are so held did not constitute an exemption from taxation but merely a suspension of the proceess of taxation while the taxes were held for the joint benefit of both of the taxing units. It was entirely competent for the Legislature to make this provision, although the provision be considered an exemption. This is true because the lands are held by the County for itself and as Trustee for the municipality for municipal purposes only, that is, they are held solely for the purpose of sale to discharge tax liens and improvement liens which have accrued for the benefit of the Municipality and of the county and it would be a vain and useless thing for either of the taxing unit to levy taxes against itself.

No reversible error has been made to appear.

Therefore, the decree appealed from is now affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.