## SUSMAN v. ESCAMBIA COUNTY, FLORIDA.

### Civ. No. 378–P.

United States District Court
N. D. Florida, Pensacola Division.

Feb. 3, 1950.

D. W. Berry Pensacola, Florida, for plaintiff.

Philip D. Beall Jr., Pensacola, Florida, for defendant.

De VANE, District Judge.

Plaintiff instituted this suit in this court against Escambia County, a political subdivision of the State of Florida to recover $5,079.31, which plaintiff claims is due him out of the proceeds derived by defendant in connection with the sale of his property for delinquent taxes. The property in question was sold by the County at public sale for $7,565.00. All taxes and other charges properly deductible from the gross sale amounted to $2,485.69, leaving a net excess above all taxes and other expenses in the amount sued for as above stated.

Defendant, in its Answer, admits the accuracy of all the amounts alleged in the complaint and the question before the court is whether or not, under the laws of Florida, this amount is the property of plaintiff or of the County and other political subdivisions of the State. The question is before the court on a Motion for Summary Judgment and counsel for both parties admit the only question presented to the court is one of law. The question presented has never been passed upon by the Supreme Court of Florida and it becomes the duty of this court to attempt to forecast what the Supreme Court of Florida will hold the

law to be in such cases. See: Meredith et al. v. Winter Haven et al., 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9.

Following the collapse of the real estate boom of the early Twenties in Florida almost every succeeding Legislature passed laws relating to delinquent taxes. In Florida Statutes Annotated, there was an effort made to bring order out of these Legislative Acts and to reconcile the several Acts dealing with delinquent taxes. However, the Legislature of 1943, 1945 and 1947 again dealt with the subject and it is out of this subsequent Legislation that this controversy arises.

Section 194.21, F.S.1941, F.S.A., provided the method for the sale of real estate for delinquent taxes. It made no difference under the law as then compiled whether the County or an individual was the purchaser of the delinquent tax certificate. Section 194.22 of the same laws provided for the disbursement of the proceeds derived from the sale of property for delinquent taxes. This section provided that the Clerk of the

Circuit Court should pay, ratably, all outstanding taxes of every kind and character against the property, and if the amount received for the property was in excess of such taxes, should also pay other charges specified in the law. After all such taxes and other charges had been paid, if there remained any excess Section 194.23 provided what should be done with the excess. This latter Section provided that where the excess remained unclaimed for longer than three months the Clerk should publish a notice in some newspaper in the County, or, if there be no newspaper, then post a notice at the Courthouse door and two other places in the County, to the effect he had on hand such funds and unless the owner should apply for same on or before the first day of the month succeeding the month in which the notice was published such funds would be paid into the general funds of the County. The Section further provided that after such funds had been paid into the general funds of the County the owner may, at any time in five years from the date of the making of the sale of the property, make application to the Board of County Commissioners for such funds and should it be necessary to do so may bring suit for the recovery of such funds. The Section further provided if no application for payment of such funds was made within five years from the date of the issuance of the Tax Deed all claims to such funds were barred. Plaintiff relies on this Section and defendant admits that application was made to the County Commissioners and this suit was brought within the period fixed by the Statutes.

In denying any liability to plaintiff, defendant relies upon Laws of Florida 1943, Chapter 22079 and Laws of Florida 1945, Chapter 22870 Section 12 of Chapter 22079, Laws of 1943, Section 194.45, F.S.A., provided for the redemption by the land owner of any tax certificates *held by a County* and issued in the year 1941 and subsequent years at any time prior to the vesting of the title in the County of the lands covered by such certificates.

Section 13 of the same Chapter, F.S.A. § 194.47, provided that after two years had elapsed from the date such tax certificates were issued and brought in by the County the Clerk of the Circuit Court should make up a list of all tax certificates owned by the County and the County Commissioners were authorized, after the expiration of a three-months period, during which time the Clerk made up such list, to institute suit to quiet title in the County to such real estate. The right of redemption by the land owner continued until the Final Decree quieting title in the County was entered by the court. The effect of such Decree was to divest the land owner of any interest in the real estate and to authorize the County to convey good title thereto.

The County ad valorem taxes involved in this case were for the years 1940 and 1941. The tax certificate for the year 1940 was acquired by the County in 1941 and the tax certificate for 1941 was acquired by County in 1942. In July, 1944 the County brought suit to quiet title to plaintiff's property, for which it held tax certificates, and a Final Decree quieting title in the County was entered December 30, 1944. After due notice the County offered the property in question for sale at public auc-

tion on October 16, 1945 and A. J. Pockrus became the purchaser thereof for the gross amount stated above.

After acquiring the property from the County and securing a conveyance thereof, Pockrus brought a suit on his own account to quiet title to the property in him. Plaintiff was made a party defendant in this suit and contested the legality of the title in the County and the sale by the County to Pockrus. The lower Court decided the controversy in favor of Pockrus and the Supreme Court of Florida affirmed. See: Susman v. Pockrus et al., Fla., 40 So.2d 223. There is no question, therefore, as to the Constitutionality of the Acts of the Legislature of Florida involved here or as to the legality of the procedure by which the County acquired title to this property. See also: Leon County v. Crawford, 153 Fla. 604, 15 So.2d 321.

█ Section 21 of Chapter 22079, Laws of Florida 1943, F.S.A. § 194.55, provided that after distribution had been made to all taxing subdivisions for taxes due such subdivisions on all land sold for taxes, and the payment of other specified expenses, "should there remain any excess, the same shall be applied in payment of special improvement liens of the city or county, or both, ratably, and any remainder shall be distributed to the county and city in same proportion as that governing the distribution of liens for general taxes." It thus clearly appears that, in cases where a County had acquired and held a tax certificate for delinquent taxes, the 1943 Act of the Florida Legislature, Chapter 22079, not only provided machinery for completely divesting a land owner of title to his property, for failure to pay taxes, but also divested the owner of such real estate of any right he might have theretofore had under Section 194.22 to any of the proceeds derived from the sale of such property. The difference in the treatment accorded the land owner where the tax certificate was acquired by an individual and the taxes paid the County through such acquisition and where the County acquired the tax certificate is a legislative policy question and not a judicial question. The distinction made by the law in such cases does not render the law unconstitutional. See: Pinellas County v. Banks, 154 Fla. 582, 19 So.2d 1.

It should be noted that the sale of the land in question was made by the County in October, 1945, subsequent to the effective date of the Amendment of Chapter 22079, Laws of Florida 1943 by Chapter 22772, Laws of Florida 1945. The Act of 1945 carried forward the power of the County to divest a land owner of title to his property where he failed to pay taxes and reaffirmed the right of the County and other taxing subdivisions of the State to all excess proceeds derived from the sale of such property. See Section 3, Chapter 22772, Laws of Florida 1945.

█ The court finds and holds that under the law of Florida, as it existed at the time of the institution of this suit, plaintiff had no right to recover the excess proceeds derived from the sale of plaintiff's property, nor has the right been restored to him since.

A final judgment will be entered in conformity with this memorandum decision.