## SUSMAN v. ESCAMBIA COUNTY, FLA.
### No. 13165.

United States Court of Appeals
Fifth Circuit.

June 30, 1951.

Daniel W. Berry, Pensacola, Fla., for appellant.

Philip D. Beall, Jr., Pensacola, Fla., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal is from the judgment of the trial Court entered in favor of Escambia County, a political subdivision of the State of Florida, in a suit brought against it by the appellant. The complaint was one for money had and received by the county from the sale of described real estate to one A. J. Pockrus on October 16, 1945. The claim was predicated upon the contention that the sale and all antecedent proceedings, including the issuance of certificates of tax sale in the years 1941 and 1942, were subject to and governed by the provisions of Section 194.23 of the Laws of Florida of 1941, F.S.A.[1] The case is not clearly presented, but we consider it to be predicated, in essence, upon that part of the statute which provides that after such "funds have been paid into the general funds of the county, the owner may at any time in five years from the date of sale make application to the board of county commissioners for such funds, and such board may if satisfied that the applicant is entitled to the funds," order payment less

---

1. The complainant had already been unsuccessful in a proceeding to quiet title to the premises brought against him by

the purchaser. Susman v. Pockrus, Fla., 40 So.2d 223.

specified expenses. The statute provides that in the absence of application for such payment within five years after the date of the issuance of the tax deed all claims thereto shall be forever barred and "such funds shall become the property of the county." In its answer the county denied the applicability of the section relied upon. It asserted that the specified numbered tax certificates, one issued in 1941 for 1940 taxes and the other issued in 1942 for 1941 taxes, both covering state and county taxes, had been bid off by the tax collector for Escambia County and held by it. Thereafter, the certificates not having been redeemed or purchased, and after more than two years had elapsed from the date of the certificates issued at the tax collector's sale of delinquent taxes, the County had duly filed foreclosure proceedings against the property in question, along with other property, under the provisions of Section 194.47, Florida Statutes of 1941, as amended, F.S.A. It was averred that final decree was properly entered declaring fee simple title to the land in question to be vested in the County of Escambia and that thereby title to the land was forever quieted and confirmed against all claims and interest formerly held by plaintiff. Thereafter, the property was duly sold by the County to A. J. Pockrus, at the sale referred to in the complaint, and the proceeds distributed in accordance with the provisions of subsection 5, Section 194.55, Florida Statutes of 1941, as amended, F. S.A.[2] The cause was submitted to the Court upon the pleadings as a question of law. The Court determined that under the law of Florida the plaintiff had no right to recover.

The points could have been more clearly stated, but as we understand them, the assignments of error insist that the provisions of Section 194.23 of the Laws of

Florida 1941, F.S.A., are applicable to the transaction and thus permit the complainant to secure the excess at any time within the five year period provided by the statute; and further, that if the provisions of subsequent legislation embodied in Section 21 of Chapter 22079, Laws of Florida, 1943 as originally enacted,[3] or as amended by Chapter 22772, Laws of Florida, 1945, be construed to change or destroy the claimed right to refund within five years, the statutes would be unconstitutional as retroactive laws, and that such abrogation of the owner's right to recover excess would result in the taking of appellant's property without due process of law. Appellee answers that no constitutional question was presented in the trial Court by the appellant, nor is one actually involved here, since it is contended that the case comes within the provisions of the 1943 Act and amendment rather than the terms of the former statute relied upon by the appellant.

An examination of the provisions of Chapter 194 of the Florida Statutes Annotated, in connection with Section 194.23 thereof, upon which the appellant relies, makes clear, we think, that the contention of the appellee is correct, so that under the provisions of the law in force at the time the tax certificates were bid off for the county Section 194.23 was not applicable to the transaction. Indeed, the purchase of the certificate by the political subdivision rather than by an individual is the controlling event which makes the point of departure from, and difference in treatment between, the rights of the defaulted taxpayer and owner to subsequently secure any excess or "balance of the purchase price", as provided by Sections 194.22 and 194.23 of the Florida Statutes Annotated, supra. Chapter 194, supra, dealt with cases both where tax certificates were purchased by individuals and where purchased by the

2. Provisions of this statute material here are that in case of sales of property to which the title had been acquired by the county, the excess, after payment of specified taxes, "shall be applied in payment of special improvement liens of the city or county, or both, ratably, and any remainder shall be distributed to the county and the city in the same proportion as that governing distribution on liens for general taxes."

3. The statute relates to the vesting of title in the county of lands purchased for the county at sales for delinquent taxes. It provides a two year period for redemption by the owner. Leon County v. Crawford, 153 Fla. 604, 15 So.2d 321.

county and provided different consequences in each case. This was merely a continuation of former similar statutory provisions, varying in detail, but which established in the State and its political subdivisions title to the land at the expiration of the time for redemption, whereas an individual holder must proceed otherwise to acquire title.[4] There appears throughout the State's legislative and judicial history a well defined and expressed intent to provide different consequences of tax sales in instances where the State or its political subdivisions were the purchasers of the tax certificate and property than follow when such purchases were made by individuals.

 General reference to the provisions of Chapter 194, supra, discloses a difference of procedure and results from a sale, dependent upon whether the county or an individual is the holder of a tax certificate. This likewise affects and controls the rights of the owner to recover any excess of purchase money after a tax sale. Sections 194.21, 194.22 and 194.23 are related and the first two make provisions for the sale of lands under certificates in like manner whether the certificates be held by the county or an individual.[5] But following the sale the consequences are different and that provision of Section 194.23, upon which the appellant relies, which authorizes a recovery by the owner of the excess from a tax sale under a tax certificate at any time within five years from date of sale can not, consistently with the entire statutory scheme, be applied to a sale where the county is the holder of the certificate by virtue of which the sale is had and becomes the purchaser. In such a case under the 1941 statute, the county was forbidden by the terms of Section 194.21 to purchase the property if bids in excess of the redemption costs were obtained. Since the county was not authorized to bid an amount higher than the amount due upon the certificate for redemption cost, there of course could be no excess for refund to the owner when the county was the purchaser. It is thus clear that the provisions of Section 194.23, which directly relate to the sales authorized and provided for by Sections 194.21 and 194.22, do not apply to land purchased by the county since in contemplation of the law there could be no excess in such a case. Section 194.49 provides "If the lands are sold to the County, as provided by § 194.21, the clerk of the circuit court shall on the date of sale, issue to the county a tax deed for such lands. No redemption shall be permitted by the clerk after the date of sale and the county has become entitled to receive from the clerk a tax deed to the land and the right to redeem shall thereupon terminate and be forever barred." The second paragraph of this Section makes additional provisions in case "the lands are sold to a purchaser, other than the county," and directs the issuance of a deed in the form prescribed by Section 194.24, but this is in form different from that prescribed by Section 194.52 to be issued to the county when it is the purchaser. The latter contemplates a consideration only of the taxes represented by the certificates. When the county is the purchaser, Section 194.55 makes express provision for the subsequent sale by the county of lands already acquired by a tax deed for "the value of any lands," and, as concerns the distribution of the proceeds, provides that the clerk of the circuit court "shall distribute the balance of the proceeds from the sale of the lands by the board of county commissioners in proportion to the interest of the several taxing units and funds of such units as above calculated." While it may be true that Section 194.55, in 1941, did not contemplate the existence of any excess and therefore not its disposition, it clearly contemplated the county as the owner of property under the tax deed. The conveyance is by the Board of County Commissioners, who are charged with the management of the affairs of the county and the control and disposition of its properties. It thus appears that the Section recognizes the county's ownership, but,

---

4. James Alexander, Inc. v. United States, 5 Cir., 128 F.2d 82, and citations, p. 84.

5. See also Section 194.48.

as a means of aiding and insuring the collection of taxes due other governmental units, provides that these latter shall be paid when the county's land is sold. This is in no way inconsistent with the provisions of Sections 194.21, 194.22 and 194.23. The provisions of Section 194.23 refer to the excess in purchase money accruing from a tax sale and not an excess which may exist from a sale by the Board of County Commissioners of lands acquired by the County as the holder of a tax certificate. That Section affords no basis for the assertion of the present claim. The appellant who did not avail himself of the privilege of redemption within the two year period can not, therefore, recover upon the ground that the subsequent change in the Statutes, evidenced by the amendment in 1943 of Section 194.55, supra,[6] destroyed any right which he, as a defaulted taxpayer owner, was entitled to assert.

The appellant, having failed to bring his claim within the provisions of the statute upon which he relies, and presenting no other legal reason to establish that he is entitled to the funds sued for, fails to show any error in the judgment of the trial Court. That judgment is

Affirmed.

6. Florida Laws of 1943, Chapter 22079, Section 44.